## Herring et al. v. Ervin et al.

1. *Intoxicating Liquors—Injuries Occasioned by the Sale of—Damages.*—Under the statute giving a remedy for injuries occasioned by the sale of intoxicating liquors, the family of the inebriate may be injured on their means of support, although not deprived of the bare necessities if life, and whatever lessens or impairs the ability of the husband and father to supply the suitable comforts which might reasonably be expected from one in his occupation and with his capacity for earning money, may be regarded as lessening or impairing this means of support.

2. *Damages.*—In trials under the act giving a remedy for injuries caused by the sale of intoxicating liquors it is not necessary that any witness should point out by his testimony any definite basis upon which to estimate the damages. If there is enough when all the evidence is considered to make the inference reasonably clear, the proof is sufficient.

**Memorandum.**—Action for selling intoxicating liquors. Appeal from a judgment for the defendants, rendered by the Circuit Court of McDonough County; the Hon. CHARLES J. SCOFIELD, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed October 17, 1892.

### APPELLANTS' BRIEF.

"Means of support," in its general sense, embraces all the resources from which the necessaries and comforts of life are or may be supplied, such as lands, goods, salaries, wages, or other sources of income. In a limited sense it signifies any resource from which the wants of life may be supplied. Meidel v. Anthis, 71 Ill. 246.

There is a legal obligation on the part of the husband to support his wife; and this support is not limited to supplying the bare necessaries of life, but includes comforts and whatever is suitable to the wife's situation and the husband's condition in life; and whatever lessens or destroys the husband's ability to supply her with suitable comforts, to that extent injures her means of support, even though she is not thereby deprived of the necessaries of life. McMahon et al. v. Sankey, 133 Ill. 643.

Means of support relate to the future as well as to the present. It is enough that the wife shows that the sources of her future support have been cut off, or diminished below what is reasonable and competent for a person in her station in life, and below what they otherwise would have been. McMahon v. Sankey, 133 Ill. 644.

AGNEW & VOSE, attorneys for appellants.

BAILEY & HOLLEY and SHERMAN & TUNNICLIFF, attorneys for appellees.

OPINION BY THE COURT.

The plaintiffs were defeated in an action on the case against the defendants, for selling intoxicating liquors to Thomas Herring, the husband and father of the plaintiffs.

Without going into an exposition of the evidence we may state the conclusion which we think legitimately flows from it, i. e., that the plaintiffs were entitled to a verdict.

It is clear that Thomas Herring was intoxicated repeatedly as the result wholly or in part of liquors furnished him by the defendants, and that in consequence thereof he neglected his affairs and wasted his time, whereby the support which the plaintiffs would otherwise have received and which was their legal due, was substantially impaired and diminished.

According to the interpretations the Supreme Court have placed upon the statute giving the remedy here sought, the family of the inebriate may be injured in their means of support although not deprived of the bare necessaries of life.

Whatever lessens or impairs his ability to supply the suitable comforts which might reasonably be expected from one in his occupation and with his capacity for earning money may be regarded as lessening or impairing their means of support. McMahon v. Sankey, 133 Ill. 636.

In Meidel v. Anthis, 71 Ill. 246, the husband was a farmer—

as he was in the present case—and it was held that if his capacity to cultivate land was sensibly diminished by the habit of drinking, the wife had a cause of action.

Here the husband was a farmer living on rented land, and there could have been no doubt, as we read the evidence, that his income was sensibly diminished, to the detriment of those who were dependent upon him for support. It is, of course, difficult to say how far the plaintiffs were injured by the acts of the defendants; nor was it necessary that any witness should point out by his testimony any definite basis upon which to make the estimate. If there is enough, when all the evidence is considered, to make the inference reasonably clear, then the proof is sufficient. In view of the evidence, we can see no reason for refusing the third instruction asked by the plaintiff, which reads as follows:

" 3. The jury are instructed that in determining what facts are proven in this case, they should carefully consider all the evidence before them, with all the circumstances of the transaction in question as detailed by the witnesses, and they may find any fact to be proven which they think may be rightfully and reasonably inferred from the evidence given in the case, although there may not be any direct testimony as to such fact."

The instructions given for the defendants quite explicitly impressed upon the jury that the plaintiffs were bound to make out their case, as alleged, by the preponderance of the proof, and it was proper that the jury should have the benefit of this instruction in order properly to determine what was logically established by the proof. The judgment will be reversed and the cause remanded.