IDA JEFFRIES, Appellee, *vs.* A. J. ALEXANDER *et al.*
Appellants.

*Opinion filed December 16, 1914.*

1. DRAM-SHOPS—*what tends to prove that the deceased died of delirium tremens.* Evidence that the deceased was greatly intoxicated when he came home a few days before his death, that he had been habitually intoxicated for a long time, that he was in a state of great nervous excitement and was delirious, and that his delirium was attended with delusions characteristic of delirium tremens, tends to show that the deceased was afflicted with delirium tremens, notwithstanding his attending physician testified that he attributed the delirium to erysipelas and did not know whether the deceased had delirium tremens.

2. SAME—*what is not material in action for damages for injury to means of support.* If the income received by the deceased and applied to the support of himself and wife was, by means of intoxication caused by the defendants, reduced and not applied to their support, there is an injury to the wife's means of support; and it is not material whether or not the support furnished the wife was suitable to her condition in life.

3. SAME—*when decree of divorce cannot be attacked collaterally.* A decree of divorce rendered by a circuit court in Illinois is not void and open to collateral attack because it contains no finding that the complainant was a resident of the county where the decree was rendered, as the absence of such finding is not equivalent to an affirmative showing that the complainant was not a resident of the county and that the decree was therefore void for want of jurisdiction.

4. SAME—*when instruction need not set out section 9 of Dram-shop act in full.* Where the declaration counts only upon an injury to the plaintiff's means of support, an instruction which does not attempt to direct a verdict but is intended merely to state the statutory basis for the action need not set out section 9 of the Dram-shop act in full, but only such parts thereof as are applicable to the case.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. J. C. McBRIDE, Judge, presiding.

W. H. NELMS, F. P. DRENNAN, and NOLEMAN & SMITH, for appellants.

L. B. SKIPPER, and BUNDY & WHAM, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellants are dram-shop keepers, against whom the appellee recovered a judgment for $1000 damages to her means of support occasioned by the sale of intoxicating liquors to her husband. The Appellate Court affirmed the judgment and granted a certificate of importance and an appeal to this court.

The appellants insist that the trial court erred in refusing to direct a verdict in their favor, in rejecting evidence and in giving an instruction, and that improper statements of counsel for the appellee in the argument to the jury were so prejudicial to the appellants that they should have been granted a new trial.

The declaration charged that on December 1, 1908, and on divers other days from that time until his death, on February 2, 1913, the appellants sold and gave to Newton S. Jeffries, the appellee's husband, intoxicating liquors, thereby causing his intoxication in whole or in part, and during that time he became habitually intoxicated and in consequence thereof lost his position with the Marion County Coal Company and the salary which he would otherwise have earned, was rendered unable to follow any profitable employment, wasted and squandered his money and property, became greatly impoverished, degraded and wholly ruined as well in mind and body as in estate, neglected to attend to the duties of his business or any other calling or to earn or provide a livelihood for himself or his wife, became and was continuously intoxicated and afflicted with delirium tremens, became ill, and February 2, 1913, died. The second count charged that delirium tremens was the cause of his death.

There was evidence tending to prove the following facts: The appellee and Jeffries were married in August, 1908. At that time he was employed as weighman by the Marion County Coal Company, his wages being $40 a month. For two years before the marriage he did not use intoxicating liquors, but he began drinking excessively in October, 1908, and early in 1909 was discharged as weighman on account of intoxication. On Tuesday night before his death he came home intoxicated, unable to talk, his clothes dirty, his hat mashed in, and so drunk that his step-daughter, the daughter of the appellee by a former marriage, had to put him to bed. He never left the house afterward. On Thursday he became delirious, and thought that people were pursuing him and snakes and bugs and cats were trying to get him. He was picking buttons off his shirt and putting them in his pocket. He said there was money he wanted to get, and kept picking at the mattress and sticking things under his underwear. He tried to get out of bed and his step-daughter had finally to tie him down. He grew worse and died on Sunday afternoon, February 2, 1913. At the time of the marriage the deceased was earning $40 a month, and soon afterward his foster-mother died leaving him a legacy of $37 a month. After he lost his place this legacy was his only income, and he gave part of it to his wife and spent the rest for whisky.

The appellants insist that a peremptory instruction should have been given in their favor because there was no evidence that the death of the deceased was caused by delirium tremens and no proof of any actual damage to the appellee's means of support in her husband's lifetime. If it was necessary, under the allegations of the declaration, to prove that the deceased died of delirium tremens there was evidence which required the submission of that question to the jury. The only physician who testified in the case was Dr. Price, who attended the deceased in his last illness. He testified that the deceased had erysipelas and attributed the

delirium to poison from that disease. To the question whether or not the deceased had delirium tremens the doctor answered that he did not know. The appellants contend that no one capable of giving an opinion as to whether the deceased had delirium tremens testified in the case except the doctor; that the testimony of the other witnesses only tended to prove that the deceased was delirious, and therefore there was no evidence to submit to the jury on the question of delirium tremens. The evidence tends to show that the deceased was deeply intoxicated; that he had been habitually intoxicated for a long time; that he was in a state of great nervous excitement; that his delirium was attended with delusions characteristic of delirium tremens. The testimony of a physician is not the only means of proving the existence of delirium tremens, and the appellee was not bound by the opinion of Dr. Price. In fact, he was not willing to give an opinion positively. The circumstances mentioned tended to prove that the deceased had delirium tremens. The weight of the evidence is not for our consideration. The trial court and Appellate Court, which had the power to weigh the evidence, have approved the finding of the jury, and that finding is therefore final.

The claim that there was no proof of any actual damage to the appellee's means of support during her husband's lifetime is based upon the statement that during that time she was supported in a manner suitable to her and his condition and situation in life. It is not apparent how this affects the case. If the deceased was receiving an income of $77 a month, which was applied to the support of himself and his wife, and this income, through his intoxication caused by the appellants, was reduced and was not applied to their support, then there was an injury to her means of support, and the question whether her means of support were suitable to her condition in life is immaterial.

The deceased had been married before his marriage to the appellee and his first wife was still living at the time

of the second marriage, but she had obtained a decree of divorce from him about ten years before. The appellants offered this decree in evidence for the purpose of showing that it was void and that therefore the appellee was not the widow of the deceased. The court sustained an objection to the decree and excluded all evidence in regard to the previous marriage. This is assigned as error. The decree of divorce was rendered by the circuit court of Marion county, and it is contended that it was void because it contained no finding that the complainant was a resident of that county. That the decree was for that reason erroneous and might have been reversed is established by the case of *Becklenberg* v. *Becklenberg,* 232 Ill. 120. But it does not therefore follow that it was void and could be wholly disregarded. The argument made against it is, that the decree failing to show on its face that the court had jurisdiction of the subject matter was therefore absolutely void and subject to collateral attack. The circuit courts of this State have jurisdiction of the subject matter of divorce, and, being courts of general jurisdiction, every presumption will be indulged in favor of their decrees. Nothing will be presumed to be without their jurisdiction which does not specially appear to be so. The court having general jurisdiction of the subject matter will be presumed to have jurisdiction of the particular cause unless its want of jurisdiction affirmatively appears. In the decree in question want of jurisdiction does not affirmatively appear. Though it does not appear that the complainant was a resident of Marion county it does not affirmatively appear that she was not, and the court having rendered a decree, it will be presumed, as against a collateral attack, that the particular cause was within its jurisdiction.

The giving of the following instruction is assigned as error:

"The court instructs the jury that the statutes of this State provide as follows: 'Every husband, wife, child, par-

ent, guardian, employer or other person who shall be injured in person or property or means of support by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons, shall be liable, severally and jointly, for all damages sustained and for exemplary damages; and a married woman shall have the same right to bring suit and to control the same and the amount recovered as a *feme sole.*' "

This instruction is a copy of a part of section 9 of the Dram-shop act, and the objection is made that it does not set out the section in full, and that it is an abstract proposi-. tion of law stating the statutory liability but not otherwise referring to the case or the evidence or requiring proof of facts which would create a liability. The instruction does not direct a verdict but was intended to state the statutory basis of the cause of action, and it contained all of the section in question applicable to the case. The declaration counted upon injury to means of support, only, and it was therefore unnecessary, in referring to the statute as the basis of the action, to say anything about injuries to person or to property, since no such injuries were involved. This instruction was not the only one given, but in numerous instructions the jury were informed as to what plaintiff must prove in order to recover, what constituted means of support and the manner of estimating the amount of the damages. The instructions, as a series, were based upon the hypothesis of an injury to the appellee's means of support. No damages of any other character were mentioned. It is true that the instruction complained of authorizes the recovery of all damages sustained, but in view of the declaration, the evidence and all the instructions, the jury could not have thought that any injury could be made the basis

of their verdict other than one to means of support. The instruction is not technically accurate; it would be error to give it in some cases; but in this case it was not misleading, and the giving of it was not error for which the judgment should be reversed.

The remarks made by counsel in argument, of which complaint is made, were improper, but were not of such serious importance as to require the granting of a new trial, and the moderate amount of the verdict indicates that the appellants were not prejudiced by them.

The judgment is affirmed.

*Judgment affirmed.*