WILLIAM D. MATVIUW, M.D., Plaintiff-Appellee, *v.* JEFFREY B. JOHN-SON, M.D., Defendant-Appellant.—(Alexian Brothers Medical Center, Intervenor-Appellant; Illinois Hospital Association, *Amicus Curiae.)*

First District (3rd Division)   No. 82—663

Opinion filed December 22, 1982.

Tenney & Bentley, of Chicago (Richard J. Cochran and Marc D. Ginsberg, of counsel), for appellant Jeffrey B. Johnson.

Hopkins & Sutter, of Chicago (Thomas C. Shields, Peter B. Freeman, and Rebecca R. Pallmeyer, of counsel), for appellant Alexian Brothers Medical Center.

Katten, Muchin, Zavis, Pearl & Galler, of Chicago (Michael A. Reiter and

Steven M. Rasher, of counsel), for appellee William D. Matviuw.

McLaughlin, Kinser & Bryant, of Chicago (Harry L. Kinser and Kenneth C. Robbins, of counsel), for *amicus curiae* Illinois Hospital Association.

JUSTICE McNAMARA delivered the opinion of the court:

As we shall set forth below, our court has previously considered this matter. *Matviuw v. Johnson* (1979), 70 Ill. App. 3d 481, 388 N.E.2d 795.

Plaintiff, William D. Matviuw, M.D., filed this defamation action seeking compensatory and punitive damages allegedly resulting from statements made by defendant Jeffrey B. Johnson, M.D., at a 1976 meeting of the Medical Executive Committee of Alexian Brothers Medical Center. Alexian was granted leave to intervene. Defendant and Alexian filed motions to bar discovery and admission into evidence of the statements in question on the grounds that they were privileged pursuant to sections 1, 2 and 3 of the medical studies act (Ill. Rev. Stat. 1981, ch. 51, pars. 101 through 103, as amended subsequent to the filing of this action). The trial court refused to apply the amendments retroactively to the present case and denied the motions. The trial court certified the following questions for interlocutory appeal pursuant to Supreme Court Rule 308:

"A. May the parties introduce into evidence statements made at the November 23, 1976 Alexian Brothers Medical Executive Committee Meeting, or does the Medical Studies Act, as amended, preclude the introduction of said statements?

B. Are the statements made at the November 23, 1976 Alexian Brothers Medical Executive Committee Meeting discoverable or does the Medical Studies Act, as amended, preclude discovery of those statements?"

In November 1976, both parties were members of Alexian's Department of Obstetrics and Gynecology. Plaintiff alleged in his complaint that as a result of defendant's defamatory remarks to the committee with regard to his professional capabilities, plaintiff was not reappointed to Alexian's medical staff, lost patients and was unable to obtain new patients.

The trial court granted motions to dismiss filed by defendant and Alexian on the ground that defendant's statements were privileged pursuant to sections 1, 2 and 3 of the medical studies act, which provided in pertinent part:

"Sec. 1. All information, interviews, reports, statements, memoranda or other data of the Illinois Department of Public

Health, Illinois State Medical Society, allied medical societies, or committees of accredited hospitals, including Patient Care Audit Committees, Medical Care Evaluation Committees, Utilization Review Committees, Credential Committees and Executive Committees, but not the original medical records pertaining to the patient, used in the course of internal quality control or of medical study for the purpose of reducing morbidity or mortality, or for improving patient care, shall be strictly confidential and shall be used only for medical research, the evaluation and improvement of quality care, or granting, limiting or revoking staff privileges, *except that the claim of confidentiality shall not be invoked to deny a physician access to or use of data upon which a decision regarding his staff privileges was based.*

Sec. 2. Such information, records, reports, statements, notes, memoranda, or other data, shall not be admissible as evidence in any action of any kind in any court or before any tribunal, board, agency or person." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 51, pars. 101, 102.

Finding that the statements, having caused plaintiff to be denied staff privileges, fell within the staff privileges exception set forth in section 1, this court reversed that dismissal. (*Matviuw v. Johnson* (1979), 70 Ill. App. 3d 481, 388 N.E.2d 795.) We further found that section 2, prohibiting the admission of such statements as evidence in court, was inapplicable to statements, as those in the present case, which fell within the staff privileges exception.

Subsequent to our decision, the legislature twice amended the medical studies act. The first amendment, effective September 7, 1979 (Ill. Rev. Stat. 1979, ch. 51, pars. 101, 102), explicitly limited the staff privileges exception to situations where a physician seeks otherwise privileged information for use in a hospital proceeding reviewing a determination with regard to his staff privileges, or judicial review of such hospital proceeding. Defendant and Alexian thereafter filed new motions to dismiss the same complaint alleging that the statements no longer fell within the staff privileges exception. The trial court refused to apply the amendment retroactively and denied the motions.

A second amendment, effective September 16, 1981 (Ill. Rev. Stat. 1981, ch. 51, pars. 101, 102), specifically characterized the protection afforded by the act as privileged and barred discovery or admission into evidence of material so protected. Relying on the act, as amended, defendant filed a motion *in limine* and an alternative mo-

tion for a protective order to preclude admission into evidence of defendant's statement before the committee. Alexian filed a motion to quash and bar discovery and admission into evidence of the statements. Refusing to apply the amendments retroactively, the trial court denied both motions. Defendant and Alexian appeal.

We agree that the act as amended, if applicable to the present case, would render privileged the statements in question. We find, however, that the trial court properly refused to apply the amendments retroactively to the present pending case.

■ Statutes and amendatory acts are generally presumed to operate prospectively absent clear statutory language to the contrary. (*Country Mutual Insurance Co. v. Knight* (1968), 40 Ill. 2d 423, 240 N.E.2d 612.) One exception to this general rule allows retroactive application even absent such statutory language where the statute or amendment in question relates only to procedural matters. (*Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513.) This exception is inapplicable, however, when the operation of a procedural rule affects the assertion of a substantive right or destroys that right. *Golden v. Holaday* (1978), 59 Ill. App. 3d 866, 376 N.E.2d 92.

■ The amendments in question here do not contain language specifically requiring retrospective application to pending cases. Although rules pertaining to discovery and the admissibility of evidence would generally be characterized as procedural, we find the exception to be inapplicable under the circumstances of the present case. Since plaintiff's cause of action is based primarily on the statements in question, application of the amendments to bar this discovery and admissibility would in effect prevent plaintiff from proceeding with this action and would take on substantive dimensions.

Defendant urges that the amendments constitute a response by the legislature to our decision in *Matviuw* in an effort at clarifying legislative intent that these statements should be unavailable for use by a physician in a defamation acton., Defendant urges further that the amendatory language requiring the amendments to "take effect upon becoming law" mandates application to pending cases. Even if we were so to interpret this language, however, it would be improper, in light of our decision in *Matviuw*, for the legislature to require retrospective application of the amendments in question to the present case.

■ The General Assembly has the power to amend statutes prospectively in order to correct a prior judicial interpretation at odds with legislative intent. (*Mitchell v. Mahin* (1972), 51 Ill. 2d 452, 283 N.E.2d 465.) Retroactive application is proper where the amendment

does not change the law but merely serves to clarify a previously ambiguous statute. (*Commonwealth Edison Co. v. Department of Local Government Affairs* (1981), 85 Ill. 2d 495, 426 N.E.2d 817.) The amendments in question, however, were enacted to change the law and not merely to clarify an existing ambiguity. In *Matviuw* we did not find the act as it then existed to be ambiguous, but rather, we found support for our construction of it in the express statutory language. Our interpretation of the act in effect became a part of the statute until changed by the legislature by the amendments in question. That change, if applied retroactively to the present case, would effectively annul our decision in *Matviuw* with regard to the question of privilege. It would thereby constitute an invasion by the legislature of the constitutional province of the judiciary to determine what the law is and to apply statutes to cases. *Roth v. Yackley* (1979), 77 Ill. 2d 423, 396 N.E.2d 520.

For the reasons stated, the order of the circuit court of Cook County denying the motions to bar discovery and admissibility of defendant's statements is affirmed.

Order affirmed.

WHITE, P.J., and McGILLICUDDY, J., concur.