BOARD OF TRUSTEES OF COMMUNITY COLLEGES DISTRICT 508, Plaintiff-Appellee, v. COOK COUNTY COLLEGE TEACHERS UNION, LOCAL NO. 1600, *et al.*, Defendants-Appellants.

First District (5th Division)   No. 84—2956

Opinion filed November 15, 1985.—Rehearing denied January 17, 1986.

618

Gilbert Feldman, of Cornfield & Feldman, of Chicago, for appellants.

Mark E. Jones, of Jones, Ware & Grenard, of Chicago, for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

This appeal is from an order granting summary judgment for plaintiff, board of trustees of Community Colleges District 508 (the board of trustees), in its action against defendants, Cook County College Teachers Union, Local No. 1600 (the union) and Ann Degerstrom (Degerstrom), to enjoin arbitration of her grievance against the board of trustees. In support of its position that summary judgment was improperly granted, defendants contend that the trial court: (a) lacked subject matter jurisdiction because the Illinois Education Labor Relations Act (IELRA) provides for an administrative hearing with review directly in the appellate court and (b) erred in finding that the nondelegability doctrine precluded arbitration of a grievance involving teaching qualifications.

It appears that Degerstrom taught nutrition and food service management since 1966, first at Loop College and then at Malcolm X College and had twice received promotions in rank based upon her proficiency in both fields. In 1979, she was asked by her program director to drop a nutrition course from her schedule so that the director could teach it. After she refused the request, the college administration found her not qualified to teach nutrition, removed that course from her schedule and assigned it to the director. Degerstrom filed a grievance which was eventually settled, and she was reinstated to her nutrition courses. However, after continuing to teach them for several years, she was again found unqualified to teach nutrition, and it is that action on the part of the administration which formed the basis for the grievance at issue here. Defendants characterize the decision as one which was not because of any lack of qualification on her part but rather was to provide a position for an administrator who wished to return to teaching. The board of trustees, however, posit that Degerstrom was seeking employment in a capacity other than her then-current position and that she was not hired for the new position because the administration determined that she was not qualified for it.

Degerstrom's grievance was denied, and, after the union submitted it to arbitration pursuant to the terms of the collective bargaining agreement, the board of trustees filed this action to enjoin the arbitration proceeding on the basis that its decisions with respect to qualifications were nondelegable and not subject to arbitration. Arbitration

proceedings in which certain jurisdictional motions regarding the non-delegability issue had been taken under *advisement were terminated* when the *trial* court granted summary judgment for it. This appeal followed the denial of defendants' motion for rehearing.

OPINION

I

Defendants first contend that the trial court lacked subject matter jurisdiction to determine whether the grievance was arbitrable. In support thereof, they argue that section 15 of the Illinois Educational Labor Relations Act (IELRA) confers the Illinois Education Labor Relations Board (IELR Board) with jurisdiction over unfair labor practices (Ill. Ann. Stat., ch. 48, par. 1715 (Smith-Hurd Supp. 1985)), and provides for direct appellate court review of final orders of the Board (Ill. Ann. Stat., ch. 48, par. 1716(a) (Smith-Hurd Supp. 1985)). Refusal to bargain collectively in good faith, which includes the refusal to discuss grievances with the exclusive representative of employees is one of the unfair labor practices prohibited by IELRA (Ill. Ann. Stat., ch. 48, par. 1714(a)(5) (Smith-Hurd Supp. 1985)), and defendants assert that under section 1715 of IELRA only the IELR Board had jurisdiction over the board of trustees' refusal here to proceed with arbitration. We note, however, that even if this particular unfair labor practice encompasses an employer's refusal to arbitrate, the statutory enumeration of unfair labor practices pertaining to the union does not include a provision allowing the board to charge the union with an unfair labor practice based upon an attempt to arbitrate an allegedly inarbitrable matter. The portion of the statute which defines unfair labor practices applicable to union activity provides that:

"(b) Employee organizations, their agents or representatives or educational employees are prohibited from:

(1) Restraining or coercing employees in the exercise of rights guaranteed under this Act.

(2) Restraining or coercing an educational employer in the selection of his representative for the purposes of collective bargaining or the adjustment of grievances.

(3) Refusing to bargain collectively in good faith with an educational employer, if they have been designated in accordance with any provisions of this Act as the exclusive representative of employees in an appropriate unit.

(4) Violating any of the rules and regulations promulgated by the Board regulating the conduct of representation elec-

tions.

(5) Refusing to reduce a collective bargaining agreement to writing and signing such agreement.

(6) Refusing to comply with the provisions of a binding arbitration award." Ill. Ann. Stat., ch. 48, par. 1714(b) (Smith-Hurd Supp. 1985).

■■■■ It is clear that the union's attempt to arbitrate an allegedly inarbitrable matter does not constitute an unfair labor practice as defined by the IELRA and the statute thus does not prohibit the type of action filed by the board of trustees here. We therefore find that the IELRA does not abolish a traditional action in the circuit court to enjoin arbitration and, accordingly, we hold that the trial court had subject matter jurisdiction. We also conclude that, where the employer takes the position, as the board of trustees does here, that the particular grievance is inarbitrable, the issue of arbitrability should be decided by the circuit court rather than by the arbitrator. See *Board of Education v. Williams* (1983), 118 Ill. App. 3d 256, 454 N.E.2d 773.

## II

■ We next turn to a determination of whether this grievance is arbitrable. Despite a provision in a collective bargaining agreement which states that an arbitrator is to decide disputes involving the application and interpretation of the agreement, the scope of an arbitrator's powers may be further limited when an educational employer is involved. (*Board of Trustees v. Cook County College Teachers Union, Local 1600* (1979), 74 Ill. 2d 412, 386 N.E.2d 47.) Initially we note that a dispute "is not arbitrable if it would constitute an impermissible delegation of discretionary public responsibility specifically reposed by law in [the Board]." (*Board of Trustees v. Cook County College Teachers Union, Local 1600* (1979), 74 Ill. 2d 412, 420, 386 N.E.2d 47, 50), and that the determination of faculty qualifications is one of the board's nondelegable discretionary powers, as established through judicial interpretation of the Public Community Colleges Act. *Board of Trustees v. Cook County College Teachers Union, Local 1600* (1980), 87 Ill. App. 3d 246, 408 N.E.2d 1026; see also Ill. Rev. Stat. 1983, ch. 122, pars. 103—30, 103—42.

■■■■ Defendants contend, however, that IELRA repealed the nondelegability doctrine, but the board takes the position that, whatever the effect of the IELRA, it should not be applied retroactively. In this regard, it is well established that a statute is generally presumed to operate prospectively absent clear statutory language to the contrary (*Matviuw v. Johnson* (1982), 111 Ill. App. 3d 629, 444

N.E.2d 606), and here there is no such statutory language. While an exception to the general rule allows retroactive application without such language where the statute relates only to procedural matters, that exception does not apply where the operation of the procedural rule would affect the assertion of a substantive right or destroys such a right. (111 Ill. App. 3d 629, 444 N.E.2d 606.) The board of trustees here argues that it has the right to determine the qualifications of its teachers, but defendants maintain that the board is a creature of statute and has no right to any particular procedure. In an analogous situation, however, a statute which authorized judicial review of decisions of the National Railroad Adjustment Board, which were previously not subject to review, was not applied to board decisions rendered prior to the enactment of the statute. The court found that the statute "created substantial changes in the earlier procedures and, if given retroactive effect, would have a substantial effect on the earlier action of the [board]." (*In re Reilly* (7th Cir. 1971), 442 F.2d 26, 28, *cert. denied* (1971), 404 U.S. 854, 30 L. Ed. 2d 95, 92 S. Ct. 96; see also *Hospital Employees Labor Program v. Ridgeway Hospital* (7th Cir. 1978), 570 F.2d 167.) Here, the board posits that its decision was not subject to review in an arbitration proceeding because determination of qualifications is its nondelegable function. The elimination of the nondelegability doctrine, which the union argues was effected by the passage of the IELRA, would produce an effect similar to that found unacceptable by the court in *Reilly*, the right to review previously unreviewable board decisions. Additionally, we note that, despite the parties' retroactivity arguments, there is absolutely no information in the record with respect to the date of that decision,[1] and in the light of the lack of such information and the protection of the board's discretionary powers as evidenced by the delegability cases, we believe the court's rationale in *Reilly* is applicable here and we decline to apply the IELRA so as to give it possible retroactive application[2] absent any statutory direction in that regard.

▉ Our finding that the IELRA does not apply to the grievance in this appeal does not, however, end our inquiry with respect to its arbitrability because, although we have previously noted the nondele-

---

[1]Although defendants argue that the conduct occurred after the enactment of the Act, its argument refers to the refusal of the board of trustees to arbitrate pursuant to the collective bargaining agreement rather than to its original decision regarding the grievance, and it is the date of the board's decision which is relevant with respect to the retroactivity argument.

[2]The effective date of the IELRA was January 1, 1984. Ill. Ann. Stat., ch. 48, par. 1701 (Smith-Hurd Supp. 1985).

gable nature of the board of trustees' power to make qualifications determinations, we believe that the nondelegability doctrine does not apply to this grievance.

In *Board of Education v. Ballweber* (1983), 96 Ill. 2d 520, 451 N.E.2d 858, the court, after examining certain grievances to determine the real issues involved, held that they were arbitrable despite their relation to certain nondelegable powers. Such examination is also appropriate here, and in this respect we believe that *Board of Education v. Bremen District No. 228 Joint Faculty Association* (1984), 101 Ill. 2d 115, 461 N.E.2d 406, is significant. There, the court noted that the question presented to the arbitrator was whether or not the board's action was in fact based on economic necessity despite the board's contention that its action was taken for other reasons. The supreme court held that such a characterization question was arbitrable even though the underlying power to determine whether to act on the basis of economic necessity was nondelegable. We believe the grievance at issue here presents a similarly arbitrable issue because the question to be determined by arbitration in this action was not whether the grievant was actually qualified but whether the decision of the board of trustees was, in fact, a qualification determination or was instead a decision which allowed the college administration to favor an administrator under the guise of making a qualification decision. We realize that our finding of arbitrability will require examination of a decision which the board of trustees characterizes as being within its nondelegable discretionary powers, but we do not believe it should be able to avoid scrutiny of its action by simply labeling it as a qualification determination.[3] The board's exercise of its discretionary powers may not be done in an arbitrary, capricious and unreasonable manner (see *Tyska v. Board of Education* (1983), 117 Ill. App. 3d 917, 453 N.E.2d 1344), and "must be exercised with extreme caution and circumspection in order not to subvert another fundamental purpose of the tenure act, that being the protection of teachers from political, partisan, capricious, fickle, and irregular decision making." *Newman v. Board of Education* (1981), 98 Ill. App. 3d 976, 984, 424 N.E.2d 1331, 1337.

In light of the above we believe the trial court improperly found that, as a matter of law, the grievance was not arbitrable, and, accordingly, we reverse the grant of summary judgment for plaintiff and

---

[3]We note that the board's discretionary power in this area with respect to tenured teachers is also limited by the Community College Tenure Act (Ill. Rev. Stat. 1983, ch. 122, par. 103B—1 *et seq.*).

remand for further proceedings consistent with this opinion.

Reversed and remanded.

PINCHAM and LORENZ, JJ., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

■ The board argues in its petition for rehearing that this court adopted as true the factual allegations contained in the Union's affidavit. While we necessarily referred to some of those underlying facts, we believe it is fairly clear that we determined only that the factual allegations presented an arbitrable grievance. The truth of those allegations and the resultant characterization of the board's action is precisely the issue which is to be determined by the arbitrator. With respect to the board's remaining concern, that this opinion will unfairly "announce to the world" that the board has engaged in certain activity before it had an opportunity to cross-examine witnesses or produce evidence to show otherwise, we note that it was the board's decision to file an action to enjoin the arbitration which had already begun and that the hearing scheduled for the purpose of cross-examining the grievant was cancelled only after the trial court granted its motion for summary judgment. Although the board correctly points out that these allegations would more properly have been presented in some form other than defendants' counsel's affidavit, it would be a useless exercise for us to require a hearing in the trial court upon remand for presentation of evidence in further support of the allegations. The affidavit did not contain baseless speculation and conclusion, but was instead composed of references to the testimony given at the arbitration hearing. The board apparently does not claim that his affidavit misrepresented such testimony, and it will have every opportunity to dispute the truth of the allegations therein when the trial court, on remand, orders the parties to submit to arbitration.

■ The Union's petition for rehearing refers only to subject matter jurisdiction. It argues that, because we held that the IELRA was inapplicable to the arbitrability and delegability issues, the portion of the opinion which deals with subject matter jurisdiction is therefore *dictum*. We disagree. Two separate inquiries are involved and, although we reversed the trial court and found that the grievance was arbitrable even though the Act did not apply to the delegability issue,

it was still necessary for us to determine whether the circuit court had the power to decide that issue. Although the record discloses that the injunction suit was filed after the effective date of the statute, Union contends on appeal that the board should have filed an unfair labor practice charge with the IELR Board pursuant to that Act. (Ill. Ann. Stat., ch. 48, par. 1715 (Smith-Hurd Supp. 1985).) Thus, since the board's action with respect to the pending arbitration was taken while the Act was effective, it was necessary to decide whether the arbitrability issue was properly before the circuit court rather than the IELR Board and the portion of the opinion dealing with subject matter jurisdiction was thus not *dictum*.

■■■ With respect to the merits of the Union's subject matter jurisdiction argument, our opinion pointed out that the definition of an unfair labor practice in the Act, relied upon by the Union in its briefs, referred only to charges filed by the Union based upon the board's refusal to bargain collectively in good faith. Even assuming arguendo that the Union is correct in stating that the unfair labor practice of refusing to bargain collectively also refers to such conduct on the part of the Union,[1] we note that the Union now attempts in its petition for rehearing to argue that "refusing to bargain collectively in good faith" also includes an attempt to arbitrate an "illegal" contract provision. Although the Union states that the board could have filed an unfair labor practice charge against the Union for "refusing to bargain" when the Union attempts to arbitrate an allegedly "illegal" contract provision, we note that the Union did not support this argument with any authority. In its original brief, the Union referred to a United States Supreme Court case in which the court held that it was an unfair labor practice for an employer to refuse to enter an agreement unless it also included a proposal on a subject which was not a mandatory subject of bargaining. (See *NLRB v. Wooster Division of Borg-Warner Corp.* (1958), 356 U.S. 342, 2 L. Ed. 2d 823, 78 S. Ct. 718.) We do not believe, however, that this case is authority for the Union's agreement with respect to arbitration of grievances, and we have not been referred to any decision, nor has our research revealed any, even under the section of the Federal Labor Management Relations Act which defines unfair labor practices. (29 U.S.C. sec. 158(d) (1982).) We therefore decline, particularly in the

---

[1]The portion of the statute pertaining to such a refusal on the part of the board specifically includes the discussion of grievances, but no such language is included in the section which refers to a union's refusal to bargain collectively. Compare Ill. Ann. Stat., ch. 48, par. 1714(a)(5), with par. 1714(b)(3) (Smith-Hurd Supp. 1985).

context of public employment, to adopt the strained interpretation advanced by the Union. Had the legislature wished to include this type of union conduct in the list of unfair labor practices, it could easily have done so with the appropriate language. Additionally, the Uniform Arbitration Act specifically refers to a stay of an arbitration proceeding in fairly straightforward language (see Ill. Rev. Stat. 1983, ch. 10, par. 102(b)), and, in the light thereof, we believe the Union's attempt to avoid the effect of the Uniform Arbitration Act by a strained interpretation of the definition of unfair labor practices is without merit.

The petition for rehearing is denied.

PINCHAM and LORENZ, JJ., concur.