VIRGINIA CRUZ, Adm'r of the Estate of Gilberto Cruz, Deceased, *et al.*, v. PUERTO RICAN SOCIETY *et al.*, Defendants-Appellees.

Second District Nos. 2—86—0614, 2—86—0771 cons.

Opinion filed March 31, 1987.

JoAnn L. Nieman, of Wheeling, for appellants.

Kenneth T. Garvey and Douglas A. Miller, both of Bresnahan, Garvey, O'Halloran & Coleman, of Chicago, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Virginia Cruz, as administrator of the estate of Gilberto Cruz, deceased, appeals the dismissal of two counts of her three-count complaint seeking recovery for loss of support under section 6—21 of the Dramshop Act (hereinafter Act) (Ill. Rev. Stat. 1983, ch. 43, par. 135). The trial court dismissed counts I and II on the ground that neither an intoxicated person nor his estate may recover under the Act for loss of support.

Plaintiff filed her complaint October 18, 1985, in the circuit court of Lake County. In the complaint, Virginia Cruz brings this action in her capacity as administrator of her late husband's estate, for the use of herself, her children, Adam Cruz, Rebbecca Lynne McSperran, and John Gallegos, as plaintiffs, as the widow and minor children of the decedent respectively. It named as defendant in count I the Puerto Rican Society (the society), an Illinois not-for-profit corporation. In count II, Dalson, Inc., doing business as Dillinger's, was named defendant. In both counts I and II, plaintiff sought to hold the defendants liable for having served liquor to the decedent and thereby causing his fatal accident. Count III of the complaint names the Puerto Rican Society defendant and alleges that said society caused the intoxication of a third party and that the third party operated the mo-

tor vehicle that collided with the decedent.

The complaint, in counts I and II, alleged that on October 21, 1984, the decedent had been served alcoholic beverages on premises operated by defendants, thereby becoming intoxicated. Subsequently, as a result of this intoxication, he was struck and killed by an automobile while crossing a street in Waukegan.

On January 27, 1986, Dalsen moved to dismiss count II of the complaint on the ground that a person who voluntarily becomes intoxicated has no cause of action for his injuries under the Dramshop Act. The court granted Dalsen's motion on April 30, 1986, and dismissed count II with prejudice. The court found that there was no just reason to delay enforcement or appeal of its order, pursuant to Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)). Plaintiff filed a motion to vacate which the court denied on June 4, 1986. On July 2, 1986, plaintiff moved to file an amended complaint. The only change in the amended complaint was the naming of Virginia Cruz as mother and next friend of the minor children rather than as administrator of Gilberto's estate. The court denied this motion the same day, and the following day, July 3, 1986, plaintiff filed her notice of appeal.

On July 21, 1986, the society filed a motion to dismiss counts I and III on the grounds that a voluntarily intoxicated person may not maintain an action based on the Dramshop Act and that a 1985 amendment to section 6—21 abolished the cause of action for loss of support under the Act. Plaintiff filed a response and also renewed her motion to file her amended complaint. In an order entered October 14, 1986, the court granted the society's motion as to count I, but denied it as to count III, which remains pending in the trial court. The court's order states that its basis for dismissing count I was that an intoxicated person may not maintain an action against the dramshop owner under the Act, citing *Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109. The court also denied plaintiff leave to file her amended complaint. Plaintiff filed her notice of appeal as to count I on August 19, 1986.

■ Pursuant to plaintiff's motion, this court ordered the appeals from count I and count II consolidated. However, there can be no appeal from a nonfinal order unless specifically authorized by the Supreme Court Rules (see 103 Ill. 2d R. 304; 87 Ill. 2d Rules 307, 308; *Zimmerman v. 1660 Condominium Association* (1984), 126 Ill. App. 3d 71; *JFS v. ABMJ* (1983), 120 Ill. App. 3d 261). Since the trial court's dismissal of count I did not serve to terminate the litigation between the plaintiff and the defendant Puerto Rican Society, and since the society is also named in count III, which remains pending

before the trial court, the dismissal of count I is not a final order. (See, *e.g., Flores v. Dugan* (1982), 91 Ill. 2d 108; *In re Marriage of Rossi* (1981), 100 Ill. App. 3d 669.) We now hold, therefore, that plaintiff's motion to consolidate the appeals from counts I and II be denied as count I is not a final and appealable order.

■ Dalsen adopts as its primary argument on appeal the alternative argument of the society in its motion to dismiss, namely, that the 1985 amendment to section 6—21 specifically abolished the cause of action set forth in plaintiff's complaint. Although Dalsen never made this argument in the trial court, this court may affirm the circuit court's judgment on any basis which appears in the record. (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135; *Alexander v. DePaepe* (1986), 148 Ill. App. 3d 831.) Further, this court may take judicial notice of the statutes of this State.

At the time of the accident at issue, October 21, 1984, section 6—21 of the Dramshop Act read as follows:

"An action shall lie for injuries to means of support caused by an intoxicated person or in consequence of the intoxication, habitual or otherwise, of any person resulting as hereinabove set out." (Ill. Rev. Stat. 1983, ch. 43, par. 135.)

Courts had consistently held that this remedy was available to the family of the inebriate. (*Bejnarowicz v. Bakos* (1947), 332 Ill. App. 151, 155-56; *Jeffries v. Alexander* (1914), 266 Ill. 49; *Knierim v. Izzo* (1961), 22 Ill. 2d 73; *Cox v. Hrasky* (1943), 318 Ill. App. 287; *Herring v. Ervin* (1892), 48 Ill. App. 369, 370-71.) Subsequently, the legislature amended the Act (Pub. Act 84—271, sec. 1, eff. Sept. 12, 1985) by adding the following paragraph:

"Nothing in this Act shall be construed to confer a cause of action for injuries to the person or property of the intoxicated person himself, nor shall anything in this Act be construed to confer a cause of action for loss of means of support on the intoxicated person himself or on any person claiming to be supported by such intoxicated person." Ill. Rev. Stat. 1985, ch. 43, par. 135.

■ Defendant argues that Public Act 84—271 had the effect of cutting off plaintiff's cause of action. Plaintiff contends that the amendment should be applied prospectively. The general rule is that retroactive application of statutes is not favored. (See *Matviuw v. Johnson* (1982), 111 Ill. App. 3d 629; *Hill v. Butler* (1982), 107 Ill. App. 3d 721.) The general rule, however, applies only where vested rights are involved. (See *People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, *appeal dismissed sub nom. People ex rel. Eitel v. Toman*

(1939), 308 U.S. 505, 84 L. Ed. 432, 60 S. Ct. 111; *Griffin v. City of North Chicago* (1983), 112 Ill. App. 3d 901.) A right which did not exist at common law, but is purely a creation of statute, may be abrogated by retroactive application of the repealing legislation. (*In re Support of Josic* (1979), 78 Ill. App. 3d 347, 350.) Unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. (*People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, 373; *Gust v. Village of Skokie* (1984), 125 Ill. App. 3d 102, 107-08.) A court of review must decide pending cases based on the law which exists at the time the decision is rendered. *Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435; *Lincoln Community High School District No. 404 v. Elkhart Community High School District No. 406* (1953), 414 Ill. 466, 468; *Ruth v. Benvenutti* (1983), 114 Ill. App. 3d 404; *Sagittarius, Inc. v. Village of Arlington Heights* (1980), 90 Ill. App. 3d 401, 404; *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731; *Holcomb v. Hornback* (1964), 51 Ill. App. 2d 84; *Dillon v. Nathan* (1956), 10 Ill. App. 2d 289.

Actions under the Act are purely statutory in nature. (*Hopkins v. Powers* (1985), 136 Ill. App. 3d 501, 504; *Fourt v. DeLazzer* (1952), 348 Ill. App. 191, 195.) Therefore, a prospective plaintiff would have no vested right in that remedy, but "a mere expectation based upon an anticipated continuance of the existing law." (*People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, 373.) In *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, plaintiff's husband was killed while riding with an intoxicated driver. At the time, dramshop actions were subject to the five-year statute of limitations. On August 10, 1949, the legislature amended the Dramshop Act to provide that every action thereunder must be instituted within two years of the date the cause of action accrued. The court held that, as plaintiff had no vested right in the Dramshop Act remedy, the two-year special limitation applied retroactively to bar the cause of action. 4 Ill. 2d 342, 354.

As plaintiff had no right to the remedy except by virtue of the statute, the express appeal of that remedy contained in Public Act 84—271 cut off plaintiff's action at the date of the repeal. Plaintiff seeks to avoid this result by arguing in her reply brief that repeal cannot operate retrospectively because the Act sets up a duty on the part of dramshop owners, the breach of which gives rise to liability in tort. While it is true that some courts have stated that dramshop liability is tort liability (*Monsen v. DeGroot* (1985), 130 Ill. App. 3d 735, 738; *Morgan v. Kirk Brothers, Inc.* (1982), 111 Ill. App. 3d 914, 917), a recent, well-reasoned opinion of the appellate court for the fourth district held that dramshop liability is not tort liability and does not

establish a standard of conduct (*Hopkins v. Powers* (1985), 136 Ill. App. 3d 501, 504; *Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435). Dramshop liability is established solely by agreement, as a condition of doing business. Plaintiffs' argument is also inconsistent with the result reached by the supreme court in *Orlicki*, finding that no vested right existed.

■ Ordinarily, this would end our inquiry. In 1986, however, the legislature amended the Dramshop Act twice more. (Pub. Acts 84—1380 sec. 1, eff. Sept. 12, 1986; 84—1381, sec. 1, eff. Sept. 12, 1986.) Inexplicably, both amendments added the same language to the second paragraph of section 6—21. Section 6—21 now reads as follows:

> "Nothing in this Act shall be construed to confer a cause of action for injuries to the person or property of the intoxicated person himself, nor shall anything in this Act be construed to confer a cause of action for loss of means of support on the intoxicated person himself or on any person claiming to be supported by such an intoxicated person. In conformance with the rule of statutory construction enunciated in the general Illinois saving provision in Section 4 of 'AN ACT to revise the law in relation to the construction of the statutes', approved March 5, 1874, as amended, no amendment of this section purporting to abolish or having the effect of abolishing a cause of action shall be applied to invalidate a cause of action accruing before its effective date, irrespective of whether the amendment was passed before or after the effective date of the Amendatory Act of 1986." (Ill. Ann. Stat., ch. 43, par. 135 (Smith-Hurd 1986).)

Although this amendment became effective after the decision of the trial court, and indeed after the briefs were filed in this court, the defendant correctly points out that where the legislature has changed the law while an appeal is pending, the case must be disposed of by the reviewing court under the law as it then exists, and not as it was when the decision was made by the trial court. *Fallon v. Illinois Commerce Com.* (1948), 402 Ill. 516; *Illinois Chiropractic Society v. Giello* (1960), 18 Ill. 2d 306.

The 1986 amendment purports to operate as a saving clause "[i]n conformance with the rule of statutory construction enunciated in *** Section 4 of 'AN ACT to revise the law in relation to the construction of the statutes.' " (Ill. Ann. Stat., ch. 43, par. 135 (Smith-Hurd 1986).) The statute referred to (Ill. Rev. Stat. 1985, ch. 1, par. 1103), was formerly codified as section 4 (Ill. Rev. Stat. 1977, ch. 131, par. 4). Application of section 4 as a saving clause was specifically rejected in *Or-*

*licki* and *Eitel,* which held that it applied only where vested rights were implicated. (*People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, 376; *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 346.) However, the repealing acts at issue in those cases did not make specific reference to section 4, nor in either case was any type of saving clause included in the repeal.

■ In the present case, the legislature did include a saving clause, albeit a year after the amendatory act herein involved, that served to eliminate certain future actions under the Act based on loss of support. The saving clause added to section 6—21 of the Act specifically addresses those causes of action arising under the Act prior to the 1985 amendment that abolished certain actions for loss of support. It cannot be successfully argued that the wording of this saving clause, "[i]n conformance with the rule of statutory construction enunciated in the general Illinois saving provision in Section 4 of 'AN ACT to revise the law in relation to the construction of the statutes,' " mandates that the saving clause added to section 6—21 (Ill. Rev. Stat. 1985, ch. 43, par. 135) be subject to the same judicial interpretation that has been imposed on section 4 (Ill. Rev. Stat. 1985, ch. 1, par. 1103). The legislature is presumed to be aware of prior case law (*Kozak v. Retirement Board of Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211), and by enacting a special saving clause and not expressly adopting section 4, it must be presumed to have intended the saving provision to have a different scope than section 4.

■ In other words, the legislature knew that section 4 had been interpreted by the courts to apply only to situations that implicated vested rights (*People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367; *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342) and, therefore, must have intended the saving clause of Public Acts 1380 and 1381 to have a different effect. In construing statutes, it is presumed that the legislature did not intend unjust or unreasonable consequences through its legislation. (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350; *People v. Steppan* (1985), 105 Ill. 2d 310.) To equate this saving provision with section 4 would effectively render it meaningless, for no causes of action under the former language of the statute would be preserved.

■ Further, even if the subsequent amendment to section 6—21 that added a "saving" clause were considered to repeal in part the force and effect of the previous repealing amendment that served to eliminate claims for loss of support, the savings clause is still valid. It is the law that no act or portion of an act that is repealed by the General Assembly shall be deemed to be revived with the repeal of the

repealing act. (Ill. Rev. Stat. 1983, ch. 1, par. 1102.) However, where a subsequent statute does not entirely replace prior legislation, but merely serves to narrow its scope, the repeal of the subsequent act has the effect of again bringing the cases provided for by it under the operation of the original act. (See, *e.g.*, *Peoria & Eastern Ry. Co. v. Wright* (1941), 377 Ill. 626; *People v. Mack* (1937), 367 Ill. 481.) Therefore, the effect of the subsequent amendment by the legislature to add this saving language does revive those causes of action not permitted under the prior amendatory act that eliminated those claims for loss of support.

For the foregoing reasons, as to counts I and II, the appeal as to count I is dismissed, and the order of the circuit court of Lake County dismissing count II of plaintiff's complaint is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

REINHARD and NASH, JJ., concur.