LAWRENCE B. LEVY, Plaintiff-Appellant, v. CHARLES McKIEL, Defendant-Appellee (Lake Forest Hospital, Defendant).

Second District   No. 2—88—0219

Opinion filed July 7, 1989.

McLAREN, J., dissenting.

Paul E. Thompson, of Thompson & Thompson, of Libertyville, and Louis S. Goldstein, of Goldstein & Fluxgold, Ltd., of Chicago, for appellant.

David J. Slawkowski and Hugh C. Griffin, both of Lord, Bissell & Brook, and John J. O'Malley, of Pope, Ballard, Shepard & Fowle, Ltd., both of Chicago, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Lawrence B. Levy, appeals from an order of the circuit court dismissing his cause of action against defendant, Charles McKiel. Plaintiff's sole contention is that section 10.2 of the Hospital Licensing Act (Act) (Ill. Rev. Stat. 1987, ch. 111½, par. 151.2) should not be applied retroactively.

Plaintiff filed suit against Lake Forest Hospital (hospital) and defendant alleging that defendant induced the hospital to breach its contract with plaintiff, resulting in plaintiff's termination of employment with the hospital. The complaint also alleged that defendant had made misrepresentations about plaintiff's abilities as a urologist. Defendant and the hospital both moved to dismiss the actions against them pursuant to the Act (Ill. Rev. Stat. 1987, ch. 111½, par. 151.2). The court denied the motion, stating that the statute did not have a retroactive effect. Subsequently, the court granted the dismissal in favor of defendant on a motion to reconsider on the basis of *Rodriguez-Erdman v. Ravenswood Hospital Medical Center* (1987), 163 Ill. App. 3d 464. Plaintiff appeals from this dismissal. The hospital is not a party to this appeal.

In August 1977, the hospital review board dismissed plaintiff from

his position as a urologist in the surgery department at Lake Forest Hospital. Plaintiff alleged that the dismissal was in contravention of the hospital's bylaws. According to the bylaws, defendant, as chairman of the department of surgery, was required to oversee plaintiff's work. Defendant is also a urologist. Plaintiff alleged that defendant failed to fulfill his duties and actively sought plaintiff's dismissal for defendant's pecuniary gain by making false and misleading statements concerning plaintiff's surgical skills. Plaintiff sued defendant for intentionally inducing the hospital to breach its contract with plaintiff and for "willfully and wantonly" making false and misleading statements causing plaintiff's dismissal. Since these actions only contemplated civil damages as the remedy, defendant moved to dismiss the counts against him on the basis of *Rodriguez-Erdman*, which retroactively applied section 10.2 of the Act. Section 10.2, which was amended in 1985, provides:

"Because the candid and conscientious evaluation of clinical practices is essential to the provision of adequate hospital care, it is the policy of this State to encourage peer review by health care providers. Therefore, no hospital and *no individual* who is a member, agent, or employee of the hospital, hospital medical staff, hospital administrative staff, or hospital governing board *shall be liable for civil damages as a result of the acts, omissions, decisions,* or any other conduct of a medical utilization committee, [or] medical review committee \*\*\*, whose purpose, directly or indirectly, is internal quality control or medical study to reduce morbidity or mortality, or for improving patient care within a hospital, or the improving or benefiting of patient care and treatment \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 111½, par. 151.2.

A presumption exists that an amendatory act is only intended to apply prospectively. (*Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, 309.) This presumption is rebuttable only if the act clearly indicates either by express language or necessary implication that the legislature intended a retroactive application. (*Rivard*, 122 Ill. 2d at 309.) The presumption does not apply, however, to changes in procedure or remedies. (122 Ill. 2d at 310.) If an amendatory act merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure even if they accrued prior to the change of law and the action was instituted prior to the amendment unless there is a savings clause for existing litigation. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390; *Sostak v. Sostak* (1983), 113 Ill. App. 3d 954, 960.) Changes in procedure

or existing remedies will not be applied retrospectively, however, if this would result in deprivation of a vested, constitutionally protected right. *Maiter*, 82 Ill. 2d at 390-91.

■ In *Rodriguez-Erdman v. Ravenswood Hospital Medical Center* (1987), 163 Ill. App. 3d 464, the Appellate Court for the First District held that section 10.2 of the Act should be applied retroactively. In reaching this conclusion, the court stated as follows:

"Section 10.2 merely precludes recovery of civil damages as a remedy in cases arising out of the acts and decisions of hospitals and individuals in internal review situations. It does not, as in the cases cited by plaintiff, destroy all causes of action or take away a constitutionally protected, vested right. As stated above, limited judicial review is available in appropriate cases." *Rodriguez-Erdman*, 163 Ill. App. 3d at 471.

We agree with the conclusion of the court in *Rodriguez-Erdman* that section 10.2 is remedial in nature and only affects one remedy for actions of hospitals and individuals in hospital internal review situations. Other remedies, such as injunctive and declaratory relief, remain available. Accordingly, the presumption in favor of prospective application of amendatory acts is not applicable. Plaintiff asserts nevertheless that section 10.2 of the Act should not be applied retroactively because this would deprive him of a vested right. There is, however, no vested right in any particular remedy or procedure. (*Clouse v. Heights Finance Corp.* (1987), 156 Ill. App. 3d 975, 978.) Since section 10.2 contains no savings clause, the trial court correctly ruled that the provision should be applied retroactively.

For the reasons stated above, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

WOODWARD, J., concurs.

JUSTICE McLAREN, dissenting:

I have no disagreement with the majority's dissertation as to the law set forth in their opinion. I disagree with their conclusion that the remedies being abrogated are so insubstantial as to categorize the amendment as being procedural rather than substantive.

Legislative amendments and statutes are presumed to act prospectively since retroactivity is not favored. (*Cruz v. Puerto Rican Society* (1987), 154 Ill. App. 3d 72, 75; *Matviuw v. Johnson* (1982), 111 Ill. App. 3d 629, 632.) Statutes are deemed to operate prospectively unless

the language of the statute clearly requires retroactive application. (*Board of Trustees v. Burris* (1987), 118 Ill. 2d 465, 476.) In the absence of such statutory language, the intent of the legislature determines whether statutes should operate prospectively or retrospectively. *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 235; *DeSeve v. Ladd Enterprises, Inc.* (1985), 137 Ill. App. 3d 796, 800.

The general rule does not apply when the statute or amendment only relates to procedural matters, unless the procedural rule affects or destroys a substantive, or "vested right." (See *Matviuw*, 111 Ill. App. 3d at 632; *Cruz*, 154 Ill. App. 3d at 75.) Procedural matters are those that relate to the rules of discovery, evidence, and privilege. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 364; *People ex rel. Brown v. Bloodworth* (1987), 155 Ill. App. 3d 901, 905.) Rights which did not exist at common law are the only rights that may be abrogated by retrospective application of an amendment. (*Cruz*, 154 Ill. App. 3d at 76.) Yet even when the legislature intends that an amendment have retroactive effect, the enactment should not be so applied if it would cause unjust or unreasonable results. *DeSeve*, 137 Ill. App. 3d at 800.

The amendment does not state that it is to have retroactive effect. Therefore, one must discern whether the legislature intended such effect. It is clear from the words of the statute that the legislature wanted to encourage doctors and other hospital personnel to report instances of inadequate treatment by doctors, nurses and technicians without the fear of a common-law tort suit. Retroactive application of this statute will not promote this legislative interest because the decision of the review board had previously been made in any case which arose before the amendment. Clearly, this statute is directed at encouraging future disclosures. Thus, I conclude that this statute should not have been applied retroactively because the amendment did not clearly, by express language or necessary implication, indicate that the legislature intended a retroactive application. *Clark Oil & Refining Corp. v. Johnson* (1987), 154 Ill. App. 3d 773, 781.

In addition, I disagree with the Appellate Court for the First District's characterization of section 10.2, in *Rodriguez-Erdman v. Ravenswood Hospital Medical Center* (1987), 163 Ill. App. 3d 464, as affecting only a remedy and not a right. The only remedy for common-law torts is money damages. If the legislature has taken away the only remedy available, it has also taken away the right to sue in court. Clearly, the legislature intended to shield hospital personnel reporting on health care from common-law tort suits such as libel or negligence. Thus, the statute repeals the substantive right to sue. Consequently, the statute cannot apply retroactively. Thus, I respectfully dissent.