**Andre TURNER, Plaintiff,**

v.

**Al GREEN, Dwayne Mobley, Harold Jenkins, Joseph Savage, and John Doe, individually and in their official capacities as police officers of the Village of Maywood, Illinois, Defendants.**

**No. 84 C 2142.**

United States District Court,
N.D. Illinois, E.D.

Dec. 19, 1988.

Michael W. Tootooian and Ronald S. Cope, Ancel, Glink, Diamond, Murphy and Cope, P.C., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

### I. INTRODUCTION

This is an action for recovery of damages due to alleged false arrest and police brutality. The case is currently before the court on defendants' amended motions for summary judgment on Counts I and III of the three-count complaint.[1] The parties agree on the essential facts relevant to these motions. For the reasons described below, defendants' motions are granted.

### II. COUNT ONE

In Count I, plaintiff alleges that he was arrested on July 4, 1982, and that the assault charges placed against him were groundless. On September 15, 1982, plaintiff pleaded guilty to the assault charge. The parties stipulated to the facts, although the contents of that stipulation have not been brought to this Court's attention. The Circuit Court of Cook County, Illinois, found plaintiff guilty and placed him on supervision for one year. The supervision order was entered pursuant to Ill.Rev.Stat. ch. 38 § 1005–6–3.1, which provides in part:

> (e) At the conclusion of the period of supervision, if the court determines that the defendant has successfully complied with all of the conditions of supervision, the court shall discharge the defendant and enter a judgment dismissing the charges.
>
> (f) Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime. Two years after the discharge and dismissal under this Section a person may have his record of

James D. Griffith, Chicago, Ill., for plaintiff.

---

1. Defendants' original motions for summary judgment, and the responses thereto, were stricken for failure to comply with Local General Rules 12(*l*) and 12(m).

arrest expunged as may be provided by law....

Plaintiff successfully completed his supervision and was thus discharged by operation of the statute on September 15, 1983.

■ The existence of probable cause for arrest is an absolute defense against a claim for false arrest or imprisonment. *Friedman v. Village of Skokie,* 763 F.2d 236, 239 (7th Cir.1985); *Terket v. Lund,* 623 F.2d 29, 31 (7th Cir.1980); *Hornung v. Village of Park Forest,* 634 F.Supp. 540, 543 (N.D.Ill.1986); *Fulk v. Roberts,* 164 Ill.App.3d 194, 115 Ill.Dec. 412, 415, 517 N.E.2d 1098, 1101 (5th Dist.1987). Proof of probable cause may be established by the plaintiff's conviction of the underlying offense for which he was arrested. *Hornung,* 634 F.Supp. at 543. In this case, plaintiff's conviction establishes probable cause and thus bars his claim for false arrest.[2]

■ Plaintiff's successful completion of supervision does not change this result. Illinois law is clear that a disposition of supervision, even upon its successful completion, does not constitute a termination favorable to the plaintiff in this context and thus bars an action for malicious prosecution. *See Hajawii v. Venture Stores, Inc.,* 125 Ill.App.3d 22, 25, 80 Ill.Dec. 461, 463, 465 N.E.2d 573, 575 (1st Dist.1984); *Stanger v. Felix,* 97 Ill.App.3d 585, 588, 52 Ill.Dec. 933, 935, 422 N.E.2d 1142, 1144 (1st Dist.1981). Under the reasoning of those cases, a disposition of supervision also constitutes a conviction for purposes of a subsequent false arrest claim.

Plaintiff relies on the cases of *People v. Wunnenberg,* 85 Ill.2d 188, 52 Ill.Dec. 42, 421 N.E.2d 905 (1981), and *People v. Calvert,* 100 Ill.App.3d 510, 55 Ill.Dec. 844, 426 N.E.2d 1218 (4th Dist.1981). Those cases

hold only that a conviction which has been expunged for reasons such as the successful completion of supervision may not have subsequent repercussions in sentencing upon a separate conviction. They cannot be extended to hold, as plaintiff contends, that a conviction which has been expunged can have no effect in a subsequent civil case brought by the plaintiff. *Wunnenberg* and *Calvert* are therefore inapplicable in this case, and defendant is entitled to summary judgment on Count I.

### III. COUNT THREE

Count III is a tort action against police officers employed by the Village of Maywood, Illinois, alleging excessive use of force, denial of medical treatment, assault and battery, and false imprisonment. Defendants' motion for summary judgment is based on the provisions of the Illinois Tort Immunity Act, Ill.Rev.Stat. ch. 85 § 1–101 *et seq.* Specifically, defendants argue that plaintiff failed to comply with the notice requirement of § 8–102.

■ Initially, plaintiff asserts that the Tort Immunity Act does not apply because the defendants are covered by liability insurance procured by the Village of Maywood.[3] It is true that immunity may be waived to the extent a local public entity procures insurance pursuant to Ill.Rev. Stat. ch. 85 § 9–103. *See Melbourne Corp. v. City of Chicago,* 76 Ill.App.3d 595, 608, 31 Ill.Dec. 914, 924, 394 N.E.2d 1291, 1301 (1st Dist.1979). However, such a waiver extends only to substantive defenses, not to the procedural defense of limitations. *Schear v. City of Highland Park,* 104 Ill. App.2d 285, 291–93, 244 N.E.2d 72, 76 (2d Dist.1968). Because the defense of lack of timely notice, like the limitations defense,

---

**2.** It is possible that the stipulation of facts which accompanied plaintiff's guilty plea also established probable cause. In *Hajawii v. Venture Stores, Inc.,* 125 Ill.App.3d 22, 25, 80 Ill.Dec. 461, 464, 465 N.E.2d 573, 576 (1st Dist.1976), the court held that such a stipulation as to the contents (although not the truth) of the testimony of the security representative who initially confronted the plaintiff established probable cause and thus barred a claim for false imprisonment. In this case, however, the parties have

not informed the Court (despite the Court's request) of the contents of the stipulation.

**3.** Defendants have submitted an affidavit disputing this contention. Plaintiff has moved to strike the affidavit, alleging that it is not based on personal knowledge. Because the insurance issue is irrelevant, as described in the text, the Court finds it unnecessary to consider plaintiff's motion to strike.

is a procedural rather than a substantive defense, the Court finds that the notice defense also is not waived by the procurement of insurance.

■ At the time of the events described in plaintiff's complaint, §§ 8–102 and 8–103 provided that failure to serve notice of a claim within one year of the date of injury or of accrual of the cause of action operated as a complete bar to a lawsuit. Plaintiff admits that he failed to serve notice, but he contends that the notice requirement has been retroactively repealed. Section 8–102 was repealed by Public Act 84–1431, Article 1. Pursuant to Article 27 of that Act, the repeal became effective on November 25, 1986. *See* Ill.Rev.Stat. ch. 34 § 429.7 note (Smith–Hurd 1988 Supp.) Article 27 also provides that the Act, including the repeal provision, "appl[ies] only to causes of action occurring on or after such effective date." Plaintiff's alleged cause of action occurred before November 25, 1986, and he is therefore subject to the notice requirements of § 8–102. Because he failed to comply with those requirements, defendants are entitled to summary judgment on Count III.

## IV. CONCLUSION

Defendants' motion for summary judgment on Count I is granted because plaintiff's conviction bars his false arrest claim. Defendants' motion for summary judgment on Count III is granted because plaintiff failed to comply with the notice requirements of the Tort Immunity Act.