**Ferdinand ADRIAN, Plaintiff,**

v.

**SKOKIE FEDERAL SAVINGS & LOAN ASSOCIATION, et al., Defendants.**

No. 89 C 8308.

United States District Court, N.D. Illinois, E.D.

Feb. 14, 1990.

Frank C. Marino, Pavalon & Gifford, Chicago, Ill., for plaintiff.

Kelly R. Welsh, Corp. Counsel, City of Chicago by Arlene E. Martin, Asst. Corp. Counsel, Chicago, Ill., for defendants City

of Chicago, J.P. Neumann, Phillip Nelson and James Haughey.

### ORDER

BUA, District Judge.

Plaintiff Ferdinand Adrian commenced this civil action in state court, asserting claims based on false arrest and false imprisonment. Pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101–73, § 501(*l*), 103 Stat. 183, 389–90 (1989), defendants removed the case to federal court. Defendants James Haughey, Phillip Nelson, J.P. Neumann, and the City of Chicago now move to dismiss Count III of Adrian's amended complaint. For the reasons stated herein, defendants' motion to dismiss is granted.

On September 13, 1988, Adrian attempted to cash a check at the Skokie Federal Savings and Loan Association ("Skokie Federal"). Accusing Adrian of forgery, Skokie Federal swore out a criminal complaint. Subsequently, Adrian was arrested and taken into custody.

After the Assistant State's Attorney dismissed the criminal charges, Adrian initiated the instant case. In Counts I and II of the amended complaint, Adrian alleges that Skokie Federal and its employee, Mary L. Manning, intentionally precipitated an unlawful arrest and detainment. Count III asserts false arrest and false imprisonment claims against the City of Chicago and police officers James Haughey, Phillip Nelson, and J.P. Neumann.

Despite Adrian's allegations, the existence of probable cause is an absolute bar to a claim for false arrest and false imprisonment. *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir.1985); *Terket v. Lund*, 623 F.2d 29, 31 (7th Cir.1980); *Turner v. Green*, 704 F.Supp. 139, 141 (N.D.Ill. 1988); *Fulk v. Roberts*, 164 Ill.App.3d 194, 199–200, 115 Ill.Dec. 412, 415, 517 N.E.2d 1098, 1101 (5th Dist.1987). Probable cause exists if the police reasonably rely on a citizen's complaint which, if true, would justify an arrest—even if the complaint later turns out to be unfounded. *McKin-*

*ney v. George*, 726 F.2d 1183, 1187 (7th Cir.1984). Based on the criminal complaint filed by Skokie Federal, the police officers had probable cause to arrest and detain Adrian. *See Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 200 (7th Cir.1985). Nothing in Adrian's amended complaint suggests that the officers did not act in good faith. They had no reason to believe that the criminal charge was untrue or that an arrest would be otherwise unlawful.

Since the police officers are not liable to Adrian, the City cannot be held liable under a respondeat superior theory. *See* Ill.Rev. Stat. ch. 85, para. 2–109 (1987) ("[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable").

Accordingly, this court grants defendants' motion to dismiss.