566 N.E.2d 507 (1991)
207 Ill. App.3d 941
152 Ill.Dec. 820
Karla E. HEISE, Plaintiff-Appellant,
v.
Daniel J. MITTEN, Defendant-Appellee.
No. 2-90-0336.
Appellate Court of Illinois, Second District.
January 25, 1991.
*508 John F. Garrow, Henry J. Burt, Jr., Rathje, Woodward, Dyer & Burt, Wheaton, for Karla E. Heise.
James E. Ryan, DuPage County State's Atty., Barbara A. Preiner, Supervisor of Appeals, DuPage County State's Atty.'s Office, Jane Hird Mittor, Asst. State's Atty., Wheaton, for Daniel J. Mitten.
Justice INGLIS delivered the opinion of the court:
Plaintiff, Karla E. Heise, appeals from an order entered in the circuit court of Du Page County granting the motion of defendant, Daniel J. Mitten, to dismiss plaintiff's action pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Ill.Rev.Stat.1989, ch. 110, par. 2-619(a)(9)). The issue raised on appeal is whether the trial court erred in granting defendant's motion to dismiss based on plaintiff's failure to give notice under section 8-102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill.Rev. Stat.1985, ch. 85, par. 8-102), which was in effect at the time of plaintiff's accident but was subsequently repealed before plaintiff filed suit. We affirm.
This cause arose out of an automobile accident which occurred on March 12, 1986, in Wheaton, Illinois. Defendant was apparently an employee of Du Page County; therefore, in filing suit, plaintiff was required to follow the statute of limitations set out in section 8-101 of the Tort Immunity Act (Ill.Rev.Stat.1985, ch. 85, par. 8-101).
At the time the accident occurred, the statute of limitations prescribed in section 8-101 of the Tort Immunity Act was two years from the date the injury was inflicted or the cause of action accrued. In addition, under section 8-102 of the Tort Immunity Act (Ill.Rev.Stat.1985, ch. 85, par. 8-102), a plaintiff was required to serve, within one year of the injury or the accrual of the cause of action, a written notice, either by personal service or registered or certified mail, upon the secretary or clerk of the entity of which the defendant was an employee. If this required notice was not given within the specified one-year time limitation, then under section 8-103 of the Tort Immunity Act (Ill.Rev.Stat.1985, ch. 85, par. 8-103), the plaintiff was forever barred from bringing suit.
In 1986, section 8-101 was amended, and section 8-102 was repealed by "An Act in relation to the insurance crisis" (Insurance Crisis Act) (Pub. Act 84-1431, eff. Nov. 25, 1986 (amending Ill.Rev.Stat.1985, ch. 85, par. 8-101, and repealing Ill.Rev.Stat.1985, ch. 85, par. 8-102)). The statute of limitations requirement in section 8-101 was shortened to one year, and the notice under *509 section 8-102 was no longer required. However, section 8-103 was left unchanged.
Plaintiff, whose accident occurred before section 8-102 was repealed but who filed suit after the effective date of Public Act 84-1431, admits she did not give the notice required under section 8-102 in effect at the time of plaintiff's accident. However, by filing suit on March 9, 1988, plaintiff still intended to comply with or fall within the two-year statute of limitations under section 8-101 in effect at the time of plaintiff's accident. Defendant filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure, claiming that plaintiff failed to give the required notice within the one-year time requirement of section 8-102 in effect at the time of plaintiffs accident.
The court granted defendant's motion to dismiss under section 2-619(a)(9), and plaintiff filed a motion to reconsider. The court denied plaintiffs motion to reconsider, and plaintiff appeals.
Plaintiff, while claiming that the two-year statute of limitations under section 8-101 in effect at the time of the accident applies to her cause of action, argues that the notice requirement under section 8-102 was repealed both prospectively and retrospectively. Therefore, according to plaintiff, the notice requirement is to be treated as though it never existed, and she was under no requirement to make the requisite filing of notice.
Generally, courts do not favor the retroactive application of statutes. (Cruz v. Puerto Rican Society, (1987), 154 Ill. App.3d 72, 75, 106 Ill.Dec. 867, 506 N.E.2d 667.) This policy is based on the fundamental principle that retroactive application of revised laws is generally unfair. (Moshe v. Anchor Organization for Health Maintenance (1990), 199 Ill.App.3d 585, 598, 145 Ill.Dec. 681, 557 N.E.2d 451.) "However, in the absence of a saving clause, an amendatory act may be retroactively applied where the legislature so intended and where the statute affects the remedy or matters of procedure" (Maiter v. Chicago Board of Education (1980), 82 Ill.2d 373, 390, 47 Ill.Dec. 721, 415 N.E.2d 1034), unless such a result would deprive a litigant of a vested, constitutionally protected right (Moshe, 199 Ill.App.3d at 598, 145 Ill.Dec. 681, 557 N.E.2d 451). Again, without a saving clause, the repeal of a statute destroys the effectiveness of the repealed act both to incidents occurring after repeal and to incidents occurring before repeal if they have not been brought to final judgment. In other words, it is as if the statute never existed. Isenstein v. Rosewell (1985), 106 Ill.2d 301, 310, 88 Ill.Dec. 15, 478 N.E.2d 330.
Whether a statute embodies a vested, substantive right or a procedural device is sometimes difficult to determine. (Rivard v. Chicago Fire Fighters Union, Local No. 2 (1988), 122 Ill.2d 303, 310, 119 Ill.Dec. 336, 522 N.E.2d 1195.) Procedure concerns rules which involve pleading, evidence and practice. Specifically, practice comprises the legal rules which control how parties are brought into court and the course of the trial once the parties are involved. (Rivard, 122 Ill.2d at 310-11, 119 Ill.Dec. 336, 522 N.E.2d 1195.) In the present case, the notice requirement of section 8-102 is a procedural rule, and subsequent repeal of that section changes the procedural rules under the Tort Immunity Act. The repeal of section 8-102 does not modify who may be sued, which would involve a substantive right, but, instead, is part of the process of obtaining jurisdiction over the party to be sued. See Rivard, 122 Ill.2d at 311, 119 Ill.Dec. 336, 522 N.E.2d 1195.
Here, however, we need not delve into a more detailed discussion as to whether the repealed law was procedural or substantive or whether the law deprived the litigant of a vested right, for the legislature, when it enacted the Insurance Crisis Act, included a saving clause which applies to section 8-102 and, thus, "saves" section 8-102 so that it applies to plaintiffs cause of action.
The saving clause appears in article 27 of the Insurance Crisis Act. (Ill.Rev.Stat. 1987, ch. 34, par. 429.7 note). The saving clause states: "This Act takes effect 60 days after becoming a law and Articles 1 *510 and 3 through 6 apply only to causes of action accruing on or after such effective date, except that Article 10 takes effect 120 days after becoming law." (Pub.Act 84-1431, art. 27, § 1, eff. Nov. 25, 1986; Ill. Rev.Stat.1987, ch. 34, par. 429.7 note) Section 8-101 was revised, and section 8-102 was repealed under article 1 of the Insurance Crisis Act. Therefore, article 27 provides that the repeal of section 8-102 does not take effect until the effective date of the Insurance Crisis Act. In other words, the repeal of section 8-102 is not to be given retroactive application.
This question, whether the notice set forth in section 8-102 is required for claims arising out of incidents occurring prior to the enactment of the Insurance Crisis Act, was decided recently by the United States District Court for the Northern District of Illinois. (Turner v. Green (N.D.Ill.1988), 704 F.Supp. 139.) In Turner, the plaintiff also claimed the repeal of the notice requirement under section 8-102 should be retroactively applied. The court declined to accept this reasoning and stated article 27 of the Insurance Crisis Act made it clear that the repeal of section 8-102 applied only to causes of action occurring after the effective date of the Insurance Crisis Act. (Turner, 704 F.Supp. at 142.) We note that Federal court decisions interpreting Illinois law are not binding on Illinois' courts; however, these decisions are persuasive authority. Huck v. Northern Indiana Public Service Co. (1983), 117 Ill. App.3d 837, 840, 73 Ill.Dec. 230, 453 N.E.2d 1365.
In the present case, we agree with the Federal court's resolution of this issue. Article 27 of the Insurance Crisis Act acts as a saving clause which prevents retroactive application of the repeal of section 8-102. Therefore, plaintiff was required to comply with the provisions of section 8-102, and plaintiff's failure to comply brought into play the provisions of section 8-103 of the Tort Immunity Act which barred plaintiff from forever suing.
Plaintiff argues the saving clause in article 27 of the Insurance Crisis Act cannot apply to section 8-102 of the Tort Immunity Act because it is general in nature and should be applied only to new enactments of the Insurance Crisis Act. There are two problems with this reasoning. First, the saving clause is not general. It refers only to articles 1, 3 through 6, and 10 in an act that contains 27 articles.
Second, the plaintiff relies on this saving clause to preserve the two-year statute of limitations under section 8-101 of the Tort Immunity Act in effect at the time of plaintiff's accident in order that she may still bring suit. Statutes of limitation are generally considered procedural (Moshe, 199 Ill.App.3d at 599, 145 Ill.Dec. 681, 557 N.E.2d 451), and, again, when changes in a law affect procedural matters, without a saving clause, they are generally applied retroactively whether or not the litigation has been instituted. Maiter, 82 Ill.2d at 390, 47 Ill.Dec. 721, 415 N.E.2d 1034.
Under this reasoning, without the saving clause, plaintiff would still have been barred from filing suit since she would have been required to use the new procedure under the amended section 8-101, i.e., applied retroactively the statute of limitations would be only one year. We find incongruous plaintiff's argument that the saving clause of article 27 is specific enough to refer to section 8-101 but too general to apply to section 8-102. We, therefore, do not find merit in plaintiff's argument.
Plaintiff also includes, in the record, a copy of the legislative debate concerning the proposed changes to the Insurance Crisis Act. (84th Ill.Gen.Assem., Senate Bill 1200, 1985 Sess.) Plaintiff argues that because a specific saving clause was not discussed during this debate, the court should not recognize a saving clause here. However, in construing a statute, its plain meaning must be given effect. Where the language of the statute is unambiguous, there is no reason to examine other sources of information such as legislative debates. People v. Boykin (1983), 94 Ill.2d 138, 141, 68 Ill.Dec. 321, 445 N.E.2d 1174.
In the present case, article 27 of the Insurance Crisis Act articulates a clear and unambiguous statement that the changes stated in article 1 of the Insurance Crisis *511 Act are not to be given effect until the effective date of the legislation. There is no need to refer to the legislative debate to determine what the legislature intended.
Finally, we note that, in his opinion letter, the trial judge stated simply the repeal of section 8-102 of the Tort Immunity Act did not operate retroactively. Since the saving clause was not discussed during the proceedings below, the trial court may have based its decision on incomplete information. However, we are not bound by the reasons given by the trial court for its decision. Rather, we may affirm on any ground warranted regardless of the basis relied upon by the trial court. (Material Service Corp. v. Department of Revenue (1983), 98 Ill.2d 382, 387, 75 Ill.Dec. 219, 457 N.E.2d 9.) Clearly, article 27 of the Insurance Crisis Act acts as a saving clause which preserved the notice required under section 8-102 of the Tort Immunity Act until the effective date of the Insurance Crisis Act. Therefore, since plaintiff failed to serve notice to defendant as required under section 8-102, she was subject to the dictates of section 8-103 of the Tort Immunity Act, and her suit was forever barred.
We therefore affirm the judgment of the circuit court of Du Page County.
Affirmed.
REINHARD, P.J., and DUNN, J., concur.