**Daniel Robert SCHLUGA,**
**Plaintiff–Appellant,**

v.

**CITY OF MILWAUKEE,**
**Defendant–Appellee.**

No. 96–2144.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 2, 1996.

Decided Nov. 18, 1996.

Paul E. Sicula (argued), Atinsky, Kahn, Sicula & Teper, Milwaukee, WI, for Plaintiff-Appellant.

Grant F. Langley, Linda Uliss Burke (argued), Office of City Attorney, Milwaukee, WI, for Defendant-Appellee.

Before POSNER, Chief Judge, and BAUER and RIPPLE, Circuit Judges.

POSNER, Chief Judge.

Daniel Schluga brought suit in a Wisconsin state court against the City of Milwaukee, claiming that the City had deprived him of his automobile in violation of the due process clause of the Fourteenth Amendment and state law. The City removed the case to federal district court (odd that a city should prefer federal to state court—as odd as a football team that prefers to play its games away rather than at home), where it obtained summary judgment on both Schluga's federal claim and "those state law claims ... which are intertwined with the plaintiff's Fourteenth Amendment claim. To the extent that the plaintiff has alleged any state claims that are not intertwined with his Fourteenth Amendment claim, the court declines to exercise its supplemental jurisdiction over any such claims."

This mode of disposing of the state law claims, we begin by observing, appears to be unprecedented, and is thoroughly confusing. It would require the state court in which Schluga refiles his state law claims to determine the intended meaning of "intertwining" (for the district court did not explain the meaning or purpose of this part of its judgment) and whether any of these claims is "intertwined" with his federal claim. The district court did not explain why it wanted to place this burden on the state court. Since the duty to relinquish federal jurisdiction over pendent (or as they are now called, "supplemental") state law claims when the federal claim falls out before trial is presumptive rather than absolute, see, e.g., *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1250–52 (7th Cir.1994), the district court had the power to enter a judgment on the merits of Schluga's state claims. But identifying them only as the "intertwined" claims is unsatisfactory because of the vagueness of the term. It does not satisfy the obligation to give *reasons* for retaining federal jurisdiction of state claims when the federal claim to which they are supplemental is dismissed before trial. *Id.* at 1252. At a minimum, therefore, the case must be returned to the district court for the formulation of a proper judgment.

The major issue on appeal is the correctness of the district court's action in dismissing Schluga's federal claim. Schluga had been arrested in Milwaukee in 1990 on suspicion of armed robbery, for which he was duly convicted three years later and imprisoned. A search of his home at the time of the arrest turned up the title document for a 1969 Corvette Stingray. The title had been issued by the State of South Dakota to Rick and Dawn Messer of Sioux Falls. On the back of the title was an assignment by Rick Messer to a dealer, Howard's Corvettes, and a reassignment by the dealer to "John Reed"—a pseudonym of Schluga's. Also found in the search was "Reed"'s purchase order for the car, at a price of $20,000, from Howard's Corvettes, dated a month or so prior to the arrest. The title of the car had not been reregistered in Wisconsin. A further search discovered the car itself, in a dismantled state, in a Milwaukee garage

rented to Schluga that the police suspected of being a chop shop, although this has never been proved. The police impounded the Corvette as possible evidence either in the robbery prosecution of Schluga or in the prosecution of other criminal charges that they were contemplating lodging.

Shortly afterward, the Milwaukee police sent a notice to the Messers via certified mail that they were holding the car. The police had gotten the Messers' name not from the documents seized in the search but from a computer search, using the Corvette's Vehicle Identification Number, of a database of vehicular title registrations. The Messers never responded to the notice, so when the police no longer needed the car as possible evidence they sold it. Schluga moved in his criminal proceeding for the return of the car (Wis.Stat. § 968.20), but the motion was denied because the City had already sold it. (A similar motion had been filed earlier and also denied, possibly as premature because when it was filed the car was still being held as potential evidence.) The present suit seeks the value of the car. Schluga argues that the City should have notified him that it was holding it and given him an opportunity to establish his ownership. The police had seized documents which indicated that the Messers had sold the car, and they knew about Schluga's motion for its return because he had served the motion on the City.

■ The City could not constitutionally deprive Schluga of his car (there is grave doubt that it is really his, but we must assume it is for purposes of reviewing the grant of summary judgment) without due process of law. The essential elements of due process, in its sense of fair procedure, are notice that your property may be taken away from you and an opportunity to be heard before the property is taken away for good. E.g., *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434, 102 S.Ct. 1148, 1156–57, 71 L.Ed.2d 265 (1982); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir.1996). Before selling the Corvette as abandoned property, therefore, the City had to make an effort to notify possible owners (how much of an effort, we're about to see). Wisconsin's motor vehicle code requires notice by certified mail

to "the owner and lienholders of record" of vehicular foundlings. Wis.Stat. § 342.40(3)(c); see also Milwaukee Code of Ordinances § 105–65(4). The City interprets "owner" to mean only the "registered owner," that is, the person in whose name the title to the car is registered; and the only owner in that sense was the Messers. This interpretation was adopted by the district court, and seems correct. (There are no reported cases on the question.) It is true that the term "registered" does not appear in the statute, that "title" does not appear either, and that the statute extends the duty of notice to lienholders—and someone who has the equitable ownership of a car, as on this record we must assume Schluga did, certainly has a lien. But it is only the *recorded* owner or lienholder who is entitled to notice, and this makes sense since it would be very difficult for the agency holding the vehicle to identify a nonrecord owner. The statute satisfies the constitutional minimum. The due process clause does not require notice *in fact* to persons having property interests, but only reasonable efforts at notice. E.g., *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 484, 489–90, 108 S.Ct. 1340, 1347–48, 99 L.Ed.2d 565 (1988); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *Saukstelis v. City of Chicago,* 932 F.2d 1171, 1173 (7th Cir.1991); *Davis Oil Co. v. Mills,* 873 F.2d 774, 787 (5th Cir.1989); *Weigner v. City of New York,* 852 F.2d 646, 649 (2d Cir.1988). There is no duty to notify persons whose interests are concealed, or who neglect elementary precautions to protect their legal interests. Nothing is more common, and constitutionally less problematic, than the extinction of a property right through failure to record it. E.g., *United States v. Locke,* 471 U.S. 84, 108, 105 S.Ct. 1785, 1799–1800, 85 L.Ed.2d 64 (1985).

The wisdom of this principle, and of the Wisconsin statute, is demonstrated by the facts of this case, even when they are taken as favorably to Schluga as the record permits. The purchase order on which he relies for proof of his interest was in a fictitious name. The car was dismantled. Schluga's name nowhere appeared. The address on the purchase order was not that of Schluga,

but that of a friend of his named Jopek. Schluga did not reregister the title of the car in Wisconsin, or in his own name in South Dakota. He did submit a claim for the car, supported by an affidavit, to the City before the notice was sent to (and only to) the Messers, but the claim named Jopek, not Schluga, as the owner! It is true that documents seized by the police indicated that the registered owners, the Messers, had sold the car. Having done so, the Messers had no further interest in the car and could not be expected to respond to the City's notice. But these documents revealing the series of transfers from the Messers eventually to "John Reed" were seized with many other documents, and there is no evidence that the police knew who "John Reed" was. Schluga never tried to straighten out the record title and has not offered a legitimate reason for his using a pseudonym.

 Even if the notice statute is (as we believe) constitutionally adequate, if the state or, as here, its agency the city government knows that the real owner is not the record owner, knows who the real owner is, knows that the record owner will not notify the real owner, and could notify the real owner itself by some inexpensive and efficacious means, a deliberate failure to do so would constitute a deprivation of property without due process of law. *Robinson v. Hanrahan*, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972) (per curiam); *Mullane v. Central Hanover Bank & Trust Co.*, supra, 339 U.S. at 318–19, 70 S.Ct. at 659–60; *Williams v. DEA*, 51 F.3d 732, 735 (7th Cir.1995); cf. *Tulsa Professional Collection Services, Inc. v. Pope*, supra, 485 U.S. at 489–90, 108 S.Ct. at 1347–48; *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 799, 103 S.Ct. 2706, 2711–12, 77 L.Ed.2d 180 (1983); but cf. *Lehr v. Robertson*, 463 U.S. 248, 265, 103 S.Ct. 2985, 2995–96, 77 L.Ed.2d 614 (1983). If that is a proper characterization of Schluga's case, as we doubt, he still loses this constitutional tort suit, because a state or a state agency is not vicariously liable in such a suit for the constitutional violations by its employees, *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); its *direct* participation in the violation, whether through the promulgation of a policy, or otherwise, must be proved. No such proof has been offered. The plaintiff's lawyer appears to be unaware of this requirement; he fails to mention it in either of his briefs, even though the City's brief emphasizes it. As far as we can tell, any deliberate or other kind of misdirection of the notice was the work of individual police officers not directed by the City. No state statute or City ordinance *forbids* the police to notify one whom they know is the rightful owner.

The district court was right to dismiss Schluga's federal claim, but for the reason explained at the outset of this opinion the judgment must be vacated and the case returned to the district court for the entry of a proper judgment.

VACATED AND REMANDED.