107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ed SPENCE, Plaintiff-Appellant,
v.
Michael SOUTH, Police Officer; Kunkell, Chief of Police for
the City of Exeter; Exeter Police Dept.; City of
Exeter; Crane's Towing, Defendants-Appellees.
 No. 96-15945.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 6, 1997.
 
 Before: CANBY, HAWKINS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California prisoner Ed Spence sued Michael South, an Exeter police officer, John Kunkel, Exeter Chief of Police, the Exeter Police Department, the City of Exeter, and Crane's Towing Service ("CTS") under 42 U.S.C. § 1983. Spence timely appealed the district court's grant of summary judgment in favor of all defendants. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.
 
 
 3
 We review de novo the district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the district court correctly applied the relevant substantive law. Id.
 
 
 4
 * Spence, after attempting to run over his girlfriend with his truck, was arrested by South for assault with a deadly weapon. The truck was towed and impounded at South's behest by CTS. After the police authorized the truck's release, CTS sold it at a lien sale. Although CTS provided notice of the impending sale to the registered owner of the truck, Spence did not receive notice of the sale because he had not registered the truck in his name. He contends that the search and seizure of his truck violated the Fourth Amendment and that the lien sale violated the Due Process Clause of the Fourteenth Amendment.
 
 II
 A. Fourth Amendment
 1. South
 
 5
 Government officials enjoy qualified immunity from suit for damages if their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Based on the victim's description, South arrested Spence and impounded the truck, believing it to be the instrumentality of the felony. A reasonable officer in South's position could have believed that his conduct was lawful in light of clearly established law and the information he possessed at the time. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1443 (9th Cir.1991). South was entitled to qualified immunity, and summary judgment was appropriate.
 
 2. Kunkel and Exeter
 
 6
 Neither Kunkel nor the City would be vicariously liable for South's actions, see Monell v. Department of Social Services, 436 U.S. 658, 694 (1977); Palmer v. Sanderson, 9 F.3d 1433, 1438 (9th Cir.1993), and Spence has failed to produce evidence to support an independent basis for their liability.
 
 B. Fourteenth Amendment
 1. South, Kunkel and Exeter
 
 7
 Spence failed to establish a genuine issue of material fact as to the involvement of any of these defendants in the sale of the truck. Summary judgment was appropriate.
 
 2. CTS
 
 8
 Spence contends that CTS violated his due process rights by selling his vehicle without notifying him of the impending lien sale.[1] CTS responds that it followed California's lien sale statutes, affording Spence all the process due. The district court, adopting the Report and Recommendation of the magistrate judge, concluded that CTS was entitled to summary judgment because it had shown that no issue of material fact existed as to its "due process compliance with state statutes regarding lien sales." We disagree with the district court's analysis and conclusion.
 
 
 9
 Although state statutes and regulations can create property interests protected by the Due Process Clause, they do not supplant the procedural protections the clause guarantees. Those protections are "a matter of federal law, [and] they are not diminished by the fact that the State may have specified its own procedures that it may have deemed adequate." Cleveland Board of Education v. Loudermill, 470 U.S. 532, 541 (1985); see also Armstrong v. Meyers, 964 F.2d 948, 951 (9th Cir.1992) (referring to the "now-discredited 'bitter-with-the-sweet' approach to due process"). The Fourteenth Amendment, not California statutes, prescribes the process that was due.[2]
 
 
 10
 Fundamental requirements of due process include notice, "reasonably calculated, under all the circumstances, to apprise interested parties" of the ruling or action, and an opportunity to be heard. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The means employed to provide notice must be "such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Id. at 315. If CTS knew of Spence's interest in the truck, then providing notice only to someone else cannot be said to have been "reasonably calculated" to apprise Spence of the action. See Schluga v. City of Milwaukee, 101 F.3d 60, 63 (7th Cir.1996) (failure to notify the real owner of the impending sale of his vehicle when the government knows who the real owner is, knows that the record owner will not notify the real owner, and could do so itself by some inexpensive and efficacious means would violate due process); Robinson v. Hanrahan, 409 U.S. 38, 40 (1972) (where state knew appellant was in jail, mailing notice of forfeiture to his home was not reasonably calculated to afford him notice of proceedings); Weigner v. New York, 852 F.2d 646, 650 n. 4 (2nd Cir.1988) (knowledge of the absent party's ability to receive or understand notice is a "special circumstance" requiring additional safeguards).
 
 
 11
 Our review of the record leads us to conclude that a genuine issue of material fact exists as to CTS's knowledge. Spence testified in his deposition that he and Randy Bachhofer, CTS's owner and the person who towed Spence's truck, had conversed on "approximately 50 to 75" occasions and that they had worked together briefly. He testified that Bachhofer was present when he was arrested, placed in the police car, and driven away, and that both he and the police officer spoke to Bachhofer. Finally, he stated that Bachhofer either took, or saw the officer take, the truck keys from Spence's pocket.[3]
 
 
 12
 Although we express no opinion on the ultimate resolution of this matter, we conclude that a rational trier of fact could find that Bachhofer knew of Spence's interest in the truck. Summary judgment was inappropriate.
 
 III
 
 13
 We affirm the judgment in favor of South, Kunkel and Exeter. We reverse the judgment in favor of CTS and remand.
 
 
 14
 AFFIRMED IN PART AND REVERSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 CTS was a "state actor" in this context. See Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1322 (9th Cir.1982); Coleman v. Turpen, 697 F.2d 1341, 1345 (10th Cir.1982); accord Adams v. Department of Motor Vehicles, 11 Cal.3d 146, 152-53, 520 P.2d 961 (1974) (authorizing and empowering private individuals to sell a car and requiring the department to recognize and record transfer of title, was a delegation of a traditional governmental function.) Thus, CTS may not deprive Spence of his truck without due process
 
 
 [2]
 We note that the postdeprivation remedy analysis of Parratt v. Taylor, 451 U.S. 527 (1981) is inapplicable where the "deprivation is predictable, pre-deprivation process is not impossible, and the defendants are specifically charged with the authority to effect the deprivation charged." Armendariz v. Penman, 31 F.3d 860, 866 (9th Cir.1994) (citing, inter alia, Zinermon v. Burch, 494 U.S. 113, 138 (1990)), vacated in part, 75 F.3d 1311 (9th Cir.1996) (en banc)
 
 
 [3]
 Bachhofer disputes much of this account, but for purposes of summary judgment we accept Spence's allegations as true. Lam v. University of Hawai'i, 40 F.3d 1551, 1563 (9th Cir.1994)