**Clyde J. COPELAND, Plaintiff,**

v.

**NORTHWESTERN MEMORIAL HOSPITAL, et al.,
Defendants.**

No. 96 C 1270.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 2, 1997.

Clyde J. Copeland, Chicago, IL, pro se.

Douglas Howard Momeyer, Hinshaw & Culbertson, Chicago, IL, for Defendant Northwestern Memorial Hosp.

Patricia Jo Kendall, Susan S. Sher, George John Yamin, Jr., City of Chicago, Law Dept. Corp. Counsel, Chicago, IL, for City of Chicago, Municipal Corp.

James Michael Kuhn, U.S. Atty's Office, Chicago, IL, for Lee Harbaugh, Abel Pena.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are three motions to dismiss plaintiff Clyde J. Copeland's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The first motion is on behalf of defendant Northwestern Memorial Hospital; the second is on behalf of defendant City of Chicago; and the third is on behalf of defendants Lee Harbaugh and Abel Pena. For the reasons that follow, the court grants all three motions to dismiss.

### I. BACKGROUND

On March 4,1996, plaintiff Clyde Copeland ("Copeland") filed a six-count complaint in this court, alleging various claims against defendants Northwestern Memorial Hospital ("Northwestern"), the City of Chicago ("the City"), Abel Pena ("Pena"), Lee Harbaugh ("Harbaugh"), and other unknown defendants. On May 30, 1997, the court dismissed the complaint in its entirety. *Copeland v. Northwestern Mem'l Hosp.*, 964 F.Supp. 1225 (N.D.Ill.1997).

In response to the court's order, Copeland filed an amended complaint, naming Northwestern, the City, Harbaugh and Pena as defendants. The facts of the amended complaint are substantially similar to those in the original complaint; thus, to avoid unnecessary repetition, the court refers the reader to *Copeland,* 964 F.Supp. at 1229–32. To the extent that the facts alleged in the amended complaint are different from those in the original, the discussion below reflects that difference. The amended complaint contains nine counts, eight federal claims and one state law claim. The court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. *DISCUSSION*

### A. *Standard for deciding Rule 12(b)(6) motion to dismiss*

■When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill. 1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED. R. CIV. P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Finally, when reviewing a pro se complaint, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Donald v. Cook County Sheriff's Dept.,* 95 F.3d 548, 555 (7th Cir. 1996).

### B. *Federal question claims*

#### 1. Counts One, Two, Three, and Four— claims against Northwestern for constitutional violations

Counts One, Two, and Three allege that Northwestern violated various constitutional rights of Copeland. Northwestern is a private, not state, actor; therefore, in essence, Counts One, Two, and Three must be section 1983 claims against Northwestern. *See Serfecz v. Gallitano,* No. 95 C 5140, 1995 WL 680829, at *3 (N.D.Ill. Nov.14, 1995). Count Four is a section 1983 claim against Northwestern (and also the City) for the same constitutional violations alleged in Counts One, Two, and Three.

■ To state a claim under section 1983, a plaintiff must allege that the defendant acted under color of state law; thus, section 1983 claims generally do not reach a private individual's conduct. *Copeland,* 964 F.Supp. at 1238. However, a private individual might be subject to liability under section 1983 under either a joint action or a conspiracy theory. *Id.; Bowman v. City of Franklin,* 980 F.2d 1104, 1107 (7th Cir.1992).

■ As with his original complaint, however, Copeland's amended complaint does not allege sufficiently either a joint action or a conspiracy theory as a basis for subjecting Northwestern to section 1983 liability. *Copeland,* 964 F.Supp. at 1238. Therefore, because Copeland's amended complaint fails to allege that Northwestern or any of its employees or agents acted under color of state law in any way, the court dismisses Count One in its entirety (because Northwestern is the only defendant named in Count One) and Counts Two, Three, and Four as against Northwestern.

#### 2. Count Two—Fourth Amendment claims

Count Two is a Fourth Amendment claim against all defendants for arrest without probable cause.[1] The court has already dis-

---

1. The count also mentions the alleged physical assault of Copeland; however, given that the alleged assault of Copeland occurred well after his arrest, the court finds that the Fifth, not the Fourth, Amendment governs any claim based on the alleged assault. *See In re Phillips v. City of Milwaukee,* 123 F.3d 586, 596 n. 2 (7th Cir.1997) and the cases cited therein. Count Three, therefore, addresses the issue of the alleged assault on Copeland.

missed the claim as against Northwestern. The issue is whether the complaint states such a claim against the City, Harbaugh, or Pena.

■ Before determining whether any defendant can be liable for such a violation, the court must determine whether Copeland has sufficiently alleged a violation of his Fourth Amendment rights. To state a claim for arrest without probable cause, the plaintiff must allege that probable cause did not support the arrest. *See Schertz v. Waupaca County,* 875 F.2d 578, 581–82 (7th Cir.1989); *Adrian v. Skokie Fed. Sav. & Loan Ass'n,* 730 F.Supp. 189, 190 (N.D.Ill.1990).

■ In the case at bar, Copeland's allegation that he was arrested without probable cause is purely a legal conclusion. He has failed to allege any facts concerning his arrest from which the court can reasonably infer that he was arrested without probable cause. In fact, the factual allegations contained in the amended complaint as well as the factual allegations contained in his original complaint indicate that there was probable cause for the arrest. *See Gutierrez v. Peters,* 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997); *Palda v. General Dynamics Corp.,* 47 F.3d 872 (7th Cir.1995). Thus, because Copeland has failed to allege that he was arrested without probable cause, the court dismisses Count Two in its entirety.

### 3. Count Three—Fifth and Fourteenth Amendment claims

Count Three alleges that all four defendants violated Copeland's due process and equal protection rights by arresting Copeland without probable cause and causing him to be subjected to a physical assault. The court has already dismissed Count Three as against Northwestern. Therefore, the issue is whether Count Three states a claim against the City, Harbaugh, or Pena.

■ Before the court determines whether any of the above defendants are liable for violation of Copeland's due process or equal protection rights, the court must determine whether the complaint states a claim for a violation of those rights. To the extent that Copeland is alleging that his due process rights were violated because he was arrested without probable cause, that claim must fail

for the reasons stated above. To the extent that Copeland is claiming that his equal protection rights were violated, Copeland's allegations simply do not establish that he was arrested or allegedly assaulted because he was African–American rather than because he was a suspect and arrestee. Finally, to the extent that Copeland is claiming that Harbaugh violated his right to due process by allegedly assaulting him, the complaint fails to allege sufficiently such a claim. *See Niehus v. Liberio,* 973 F.2d 526, 533 (7th Cir.1992). Therefore, because Count Three fails to state a claim for violation of any of Copeland's constitutional rights, the court dismisses Count Three.

### 4. Count Four—section 1983 claims

■ Count Four is a section 1983 claim against Northwestern and the City. For the reasons stated above, the court has already dismissed Copeland's section 1983 claim against Northwestern. The only issue is whether the count states a claim against the City. As with his original complaint, however, Copeland's section 1983 against the City must be dismissed because Copeland has failed to allege sufficiently either an express policy or any custom or usage on behalf of the City that caused Copeland's alleged constitutional injuries. *Copeland,* 964 F.Supp. at 1240; *Schluga v. City of Milwaukee,* 101 F.3d 60, 63 (7th Cir.1996). Therefore, Count Four is dismissed in its entirety.

### 5. Count Five—section 1981 claim

■ Count Five is a section 1981 claim against "defendants." From the complaint's allegations, however, it is clear that the claim is against Northwestern (for not providing services) and the City (for arresting Copeland) and is not against either Harbaugh or Pena.

As with his original complaint, however, the amended complaint fails to state a section 1981 claim. *Copeland,* 964 F.Supp. at 1227–28. First, the complaint's allegations simply do not establish that any defendants took the action they did because of Copeland's race or that their actions concerned a contractual relationship. *See Morris v. Office Max, Inc.,* 89 F.3d 411, 413 (7th Cir.1996). Moreover,

Copeland cannot maintain a section 1981 claim against the City. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735, 109 S.Ct. 2702, 2722–23, 105 L.Ed.2d 598 (1989); *McPhaul v. Board of Comm'rs of Madison County*, 976 F.Supp. 1190, 1191 (S.D.Ind.1997). Accordingly, the court dismisses Count Five.

#### 6. Count Six—section 1985(2) claim

■ Count Six is a section 1985(2) claim against Northwestern and the City. As with his original complaint, however, Copeland has failed to state a section 1985(2) claim against defendants. The allegations and reasonable inferences therefrom simply do not establish that Northwestern's employees and the City's police officers agreed to engage in actions designed to prevent Copeland from attending or testifying in federal court or to obstruct justice in state court by depriving Copeland of equal protection of the laws. *Copeland*, 964 F.Supp. at 1236. Thus, the court dismisses Count Six.

#### 7. Count Seven—section 1985(3) claim

■ Count Seven is a section 1985(3) claim against all defendants. As with his original complaint, however, Copeland's amended complaint fails to state a claim for a section 1985(3) violation. There are no allegations in the amended complaint which establish that (1) Northwestern or any of its agents or employees, (2) the City or any of its agents or employees, (3) Harbaugh, or (4) Pena conspired with anyone to deprive Copeland of his constitutional rights because of his race. *See Copeland*, 964 F.Supp. at 1244–36. Accordingly, the court dismisses Count Seven.

#### 8. Count Nine—section 1395dd claim against Northwestern

■ Count Nine is a claim against Northwestern for violation of 42 U.S.C. § 1395dd. However, to state a claim under section 1395dd, Copeland must allege that he had an "emergency medical condition." *Deberry v. Sherman Hosp. Ass'n*, 769 F.Supp. 1030, 1032 (N.D.Ill.1991). A patient who suffers from an "emergency medical condition" is in imminent danger of death or serious disability. *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131 (6th Cir.1990). Copeland's allegations fail to establish that he suffered

from an emergency medical condition. Accordingly, Count Nine is dismissed.

#### C. *State law claims*

In his amended complaint, Copeland asserts claims against Northwestern for medical malpractice and violation of the Illinois Mental Health and Development Confidentiality Act, 740 ILCS 110–1–110/7. However, because the court has dismissed all of the federal question claims, the court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, Count Eight is dismissed.

### III. CONCLUSION

For the above reasons, the court grants (1) Northwestern Memorial Hospital's, (2) the City of Chicago's, and (3) Lee Harbaugh and Abel Pena's motion to dismiss plaintiff Clyde Copeland's amended complaint. Accordingly, Counts One, Two, Three, Four, Five, Six, Seven, and Nine of the amended complaint are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); Count Eight is dismissed pursuant to 28 U.S.C. § 1367(c)(3); and the amended complaint is dismissed in its entirety. Copeland is free to pursue whatever state law claims he may have in state court.