**UNITED STATES of America, Plaintiff,**

**v.**

**Jose David COLON, Defendant.**

**No. CRIM. 94–366(PG).**

United States District Court, D. Puerto Rico.

Feb. 20, 1998.

Jeanette Mercado, Asst. U.S. Atty., Hato Rey, PR, for Plaintiff.

Frank D. Inserni, Hato Rey, PR, for Defendant.

### OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Iraida Ortiz Cruz filed a motion under Rule 41(e) of the Federal Rules of Criminal Procedure seeking the return of a savings passbook from the Cooperativa de Ahorro y Crédito de Salinas seized by the United States Customs Service (Customs) after the arrest of defendant, José David Colón, and during a search of his house and surrounding premises (Docket # 425). On October 15, 1997, the Court granted Ortiz Cruz's motion based on her allegation that she was the owner of the savings account and that she was not notified of the forfeiture proceedings. The government then filed a reconsideration of our order of October 15, 1997 (Docket # 428). On October 31, 1997, the Court granted the government's reconsideration and vacated the order of October 15th. The same day that the Court granted the government's motion, Ortiz Cruz filed an opposition to the government's motion to reconsider the

order of October 15th (Docket # 429). Subsequently, she filed an addendum to her opposition (Docket # 430). The Court shall treat Ortiz Cruz's opposition as a motion to reconsider the Court's order of October 31, 1997.

### Background

On May 4, 1995, defendant David Colón was arrested. Shortly after the arrest, law enforcement officers searched the house and motor vehicles of David Colón. One of the items seized during that search was the Cooperativa de Ahorro y Crédito Salinas savings passbook. The book was in the name of Iraida Ortiz Cruz. Shortly after seizing the passbook, Customs withdrew the funds from the account and deposited the same in a Custom's escrow account. On June 5, 1995, the government sent notice of the seizure letter by certified mail to David Colón to his home address and to the Metropolitan Detention Center in Guaynabo, Puerto Rico.

By certified letter dated September 18, 1997, David Colón was notified of the initiation of the forfeiture proceedings of the U.S. currency, and a notice of intent to forfeit the currency was published for three consecutive weeks in El Nuevo Día and the San Juan Star newspapers. According to the sworn statement of Celia Grau Sartor, Fines, Penalties and Forfeiture Specialist at Customs in San Juan, Puerto Rico, Mr. Colón visited her offices on September 23, 1997, and requested remission of the currency. He was advised that in order to stay the forfeiture proceedings he had to post a bond, and if financially unable to do so, he had to provide evidence of the same. On October 11, 1997, Mrs. Grau Sartor received a letter from David Colón wherein he states that he was not able to hire an attorney and could not post a bond due to his insolvency. Because he did not provide evidence of his insolvency, the currency was summarily forfeited on October 14, 1997.

### I. Discussion

#### Jurisdiction

In its motion for reconsideration, the government raised three grounds as to why Ortiz Cruz was not entitled to the remedy requested:

(1) Ortiz Cruz filed her Rule 41(e) motion under a criminal case that had been dismissed;

(2) an administrative forfeiture was pending;

(3) prior to the issuance of the Court's order of October 15, 1997, the funds in question had already been administratively forfeited.

■ "[D]istrict courts have jurisdiction to entertain collateral due process attacks on administrative forfeitures." *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir.1995). The First Circuit indicated that "such challenges may be pursued in a civil action under 28 U.S.C. § 1331." *Id.* (Citations omitted). The fact that Ortiz Cruz termed her motion as one under Rule 41(e) does not defeat the district court's jurisdiction. *Id.* When criminal proceedings have been completed, a motion to return property filed under Rule 41(e) is to be treated as a "civil equitable proceeding." *Id.* (Citing *United States v. Martinson*, 809 F.2d 1364, 1366–67 (9th Cir.1987)).

In relation to the second ground raised by the government, if notice to Ortiz Cruz of the pending administrative forfeiture was inadequate or nonexistent, that proceeding was never available to her in any meaningful sense and she would thus be entitled to a ruling on her claim of inadequate or nonexistent notice. *See Sarit v. U.S. Drug Enforcement Admin.*, 987 F.2d 10, 17 (1st Cir.), *cert. denied*, 510 U.S. 888, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993) ("Whereas most challenges to forfeiture would be foreclosed by a plaintiff's failure to utilize the mechanism for obtaining judicial relief provided in the forfeiture statutes and regulations, courts have entertained challenges to the adequacy of notice, reasoning that the mechanism is not available to a plaintiff who is not properly notified of the pending forfeiture.") (Citations omitted); *see also United States v. Clagett*, 3 F.3d 1355, 1356 (9th Cir.1993) (if notice of the sending of forfeiture was inadequate, then the forfeiture proceeding was never available to Clagett in any meaningful sense).

■ The third ground raised by the government, the unavailability of the forfeited funds, does not defeat the Court's ability to effect an equitable remedy. *United States v. Martinson, supra; see also Soviero v. United States,* 967 F.2d 791, 792–93 (2d Cir.1992) (case not moot where property has been destroyed because equitable jurisdiction of the court gives it ability to fashion appropriate relief).

## II. Due Process Violation

### A. *Forfeiture*

■ "Forfeitures are not favored; they should be enforced only when within both letter and spirit of the law." *United States v. One 1936 Model Ford V–8 De Luxe Coach,* 307 U.S. 219, 226, 59 S.Ct. 861, 83 L.Ed. 1249 (1939), cited in *Sarit v. U.S. Drug Enforcement Admin.,* 987 F.2d at 14. "Due process protections ought to be diligently enforced, and by no means relaxed, when a party seeks the traditionally disfavored remedy of forfeiture." *United States v. Borromeo,* 945 F.2d 750, 752 (4th Cir.1991).

### B. *Notice/Due Process*

The notification requirements for seizures valued at $500,000 or less are set forth in 19 U.S.C. § 1607. Under these procedures, Customs is required to send written notice of the seizure information on the applicable procedures to any person who appears to have an interest in the seized article. 19 U.S.C. § 1607(a). To be constitutionally adequate, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United States v. Giraldo,* 45 F.3d at 511 (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

It is undisputed that Ortiz Cruz appeared as the owner of the savings account at issue herein. The government admits that the Cooperativa de Ahorro y Crédito Salinas savings passbook was in the name of Iraida Ortiz Cruz. (*See* p. 2 of government's motion to reconsider). For reasons that remain unexplained, although Customs was aware that Ortiz Cruz may have had an interest in the account, she was never notified of the seizure of the account and of·Customs' intent to pursue an administrative forfeiture. Ortiz Cruz had the right to have notification of the seizure sent to her personally where the bank's records listed her as the owner. Ortiz Cruz's address could have been easily ascertainable from the records of the Cooperativa de Ahorro y Crédito Salinas. *See, e.g., Torres v. $36,256.80 U.S. Currency,* 25 F.3d 1154, 1161 (2nd Cir.1994) (while an undisclosed beneficiary of a constructive trust has no right to have notification of seizure sent to her personally, she was entitled to have adequate notice sent to her trustee or nominee where the bank's records listed him as the owner); *Schroeder v. City of N.Y.,* 371 U.S. 208, 212–213, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962) (holding that publication and posting of notice of condemnation inadequate when the landowner's name and address were easily ascertainable from public records).

■ When Customs knew of Ortiz Cruz's interest in the account, providing notice only to someone else cannot be said to have been reasonably calculated to apprise Ortiz Cruz of the action. *See, e.g., Schluga v. City of Milwaukee,* 101 F.3d 60, 63 (7th Cir.1996) (failure to notify the real owner of the impending sale of his vehicle when the government knows who the real owner is, knows that the record owner will not notify the real owner and could do so by itself by some inexpensive and efficacious means, would violate due process); *see also Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) ("[A]ctual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party ... if its name and address are reasonably ascertainable"); *Aero–Medical, Inc. v. United States,* 23 F.3d 328, 331 (10th Cir. 1994) ("it was unacceptable for the DEA to rely upon notice by publication while failing to use the information it possessed from the beginning of the forfeiture process to notify plaintiff"). Failure to direct the statutorily required personal notice to Ortiz Cruz cannot be considered compliance with either the statute or minimum due process standards.

When notice turns out to have been inadequate, the forfeiture is void. *Giraldo*, 45 F.3d at 512.

### Conclusion

For the foregoing conclusions, the Court hereby **VACATES** the U.S. Customs Service administrative forfeiture declaration and **ORDERS** the U.S. Customs Service to return the money to Ortiz Cruz or to begin judicial forfeiture proceedings.

**IT IS SO ORDERED.**